Ellis v. Kreutzinger.

———•••———

Ellis *et al.*, Appellants, v. Kreutzinger, *et al.*, Respondents.

1. The deposit of a policy of insurance with a creditor of the assured as a security for the debt gives such creditor a lien upon the proceeds of the policy, a lien binding upon the assured, the insurer and upon all who, with notice of such lien, take an interest in the policy from the assured.
2. The clause in a policy which prohibits an assignment of the policy without the consent in writing of the insurance company, does not apply to a deposit of the policy by way of pledge.

*Appeal from St. Louis Court of Common Pleas.*

One Kreutzinger was indebted to the firm of Ellis & Cavender, as a security for which said firm held a mortgage on his stock of goods. Kreutzinger also delivered to said firm, as a security for said indebtedness, a policy of insurance on said stock of goods, executed in his favor by the St. Louis Mutual Fire and Marine Insurance Company of St. Louis. Said Kreutzinger was also indebted to the firm of Douglass, Gazzam & Co. and to that of Fallenstein & Gauss. The goods were lost by fire. After the loss, an assignment of the policy was made upon the books of the company to one Meyer in trust for the two firms last named. This assignment, it is contended by plaintiffs, was made with notice, on the part of the company, the trustee, and the *cestuis que trust*, of the rights of plaintiffs and in fraud of those rights. The company paid the loss to Meyer, who appropriated the sum received in payment of the debts due the firms of Douglass, Gazzam & Co. and of Fallenstein & Gauss. The plaintiffs pray for judgment against Kreutzinger for the debt due them, and that the other defendants be required to refund and pay over to plaintiffs the sums received by them on the policy.

The plaintiffs asked and the court refused the following declaration of law: "If the court is satisfied from the evidence that the defendant Kreutzinger deposited the policy in question with the plaintiffs in pledge for the further security of an existing indebtedness from him to them; that at the time of such deposit an indebtedness existed and still subsists unpaid from said Kreutzinger to the plaintiffs to the amount claimed by them, and that said defendant Meyer, as trustee of said firms of Douglass, Gazzam & Co. and Fallenstein & Gauss, at the time of the payment of the proceeds of said policy to him as such trustee, had notice of such pledge, then the plaintiffs are entitled to recover of said firms the amount of such indebtedness, not exceeding the amounts received by them, to be contributed and refunded by said

firms in the proportion of the amounts received by them respectively out of the proceeds of said policy; and, further, if said Meyer, at the time of the payment of said proceeds to him as aforesaid, had knowledge that the said policy was in some way charged or affected in the hands of the plaintiffs, that is constructive notice of all the facts and instruments to a knowledge of which he might have been led by an inquiry after such charge or circumstances affecting the policy."

The court gave the following instruction at the instance of defendants : " If the assignment of the policy of insurance read in evidence was made to Meyer to secure debts due by Kreutzinger to Douglass, Gazzam & Co. and Fallenstein & Gauss, and no notice given to the insurance company or said Meyer of any other assignment of said policy to any other person or persons, and that said Meyer, before the bringing of this suit, paid over the proceeds to the creditors of said Kreutzzinger, then the plaintiffs can not recover."

The court found for the defendants.

*N. Holmes*, for appellants.

I. The deposit of a policy of insurance in pledge for the security of a debt gives a lien in equity on the proceeds of the policy as against the assured making the deposit and all persons claiming the fund under him with notice. (1 Phill. Ins. 68 ; 2 Duer on Ins. 61, 57, § 35 ; 10 S. & R. 412 ; 2 McMul. 237 ; 2 Story on Eq. § 1047, 1258, 1250.)

The clause in the policy which provides that it shall not be assigned without the consent in writing of the insurance company has reference only to an actual assignment of the instrument on a change of property in the subject insured previous to a loss, and is inteded merely for the protection of the company against an alienation of the subject insured. It has no application here. (2 Duer on Ins. § 40 ; Arnold on Ins. 1249 ; 1 Phill. on Ins. 34, 58.)

III. There was no assignment of the policy before a loss to Meyer. The assignment to Meyer was an assignment of the

proceeds of the policy, all the parties having notice of the prior equity of the plaintiffs. (2 Duer, 65 ; Arnold on Ins. 1249 ; 1 Phill. on Ins. 39 ; 8 Hall, 372.) The doctrine of constructive notice applicable was correctly enumerated in the plaintiffs' instruction. (Jones v. Smith, 1 Hare, 43 ; 1 Sto. Eq. § 399, 400, 408 ; 3 Sugd. on Vendors, 471.) The instruction given for defendants was erroneous.

*Burnes* and *S. T. & A. D. Glover*, for respondents.

NAPTON, Judge, delivered the opinion of the court.

The authorities are very clear that the deposit of a policy of insurance with a creditor of the assured, as a security, collateral or original, for the debt, gives the creditor a lien on the proceeds of the policy, which is binding upon the underwriters and upon the assured, and upon all those who take an interest from the assured with notice of such lien. (1 Phill. Ins. § 98 ; 2 Duer, § 36 ; 10 Serg. & R. 412.)

The clause in this policy, which prohibits an assignment of the policy without the consent in writing of the company, does not apply to a deposit of the policy by way of pledge. The interest of the underwriters can not be affected by any transfer which does not also transfer the title to and a control over the property assured, and therefore such restrictions have not been understood to apply to assignments in which the underwriters can have no interest, and to control which they can have no motive. (2 Duer, § 40.)

The insurance company, in this case, paid up the policy, without calling for its production, to the defendants who claimed to be assignees. It is not necessary to say that the possession of the policy by the plaintiff and the failure of the defendants to produce it, were of themselves notice to the company that it belonged to the plaintiffs, or to some one else ; but it would seem to be clear that these circumstances were sufficient to put the company and the defendants upon inquiry. The evidence was that both the company and the defendants were apprised that the policy was in the hands of

the plaintiffs and that they claimed an interest in it. The instruction asked by the plaintiffs should have been given. (10 Serg. & R. 412.)

The judgment is reversed and the cause remanded. Judge Scott concurs. Judge Richardson not sitting, having been of counsel.