## TRUE *v.* MANHATTAN FIRE INS. CO.[1]

*(Circuit Court, D. Colorado.* August 6, 1885.)

FIRE INSURANCE—FORFEITURE—ASSIGNMENT OF POLICY TO SECURE LOAN.
An assignment of a policy merely to secure a loan is not one which is forbidden in the usual prohibition against assignments, since the interest of the insured is not divested; and where such assignment is made with the company's consent, the re-assignment, upon payment of the loan, without consent, does not work a forfeiture, and the insured is entitled to recover.

Ruling on Demurrer.

HALLETT, J., (*orally.*) *True* v. *Manhattan Fire Ins. Co.* is an action upon a policy of insurance. It is averred that the Manhattan Company issued to the plaintiff a policy upon certain property in Poncha Springs, and thereafter, and before the loss occurred, the same property was reinsured in the Phœnix Company. The defendants answered separately, denying the matters alleged in the complaint, and then setting up a separate defense that after the policy was made, and before the loss, plaintiff assigned and transferred his policy to his brother, whose Christian name is to the defendant unknown, which assignment was sanctioned and assented to by the Manhattan Company, and that the brother remained the owner of the policy until after loss occurred. To that the plaintiff replied that the assignment of the policy was to secure a loan made by his brother to him, which was then secured upon the property insured in and by said policy, and that before the institution of the suit the plaintiff paid off and discharged the loan which he had thereto-

[1] From Insurance Law Journal.

fore obtained, and as collateral to secure the payment for which he had transferred said policy to said H. A. True. Thereupon the said H. A. True reconveyed and made over the said policy, and all rights to recover any sum that might be due and payable therefor. There is a demurrer to this replication.

An assignment of a policy as a security of a loan of money is not one which is forbidden by the usual provision in policies to the effect that if any assignment be made without the written consent of the company, it shall work a forfeiture of the policy. That clause is held to relate only to such assignments as divest the assignor of all interest in the policy and in the property. If he make sale of the property, and thereupon assign the policy to the purchaser, without the consent of the company, it will avoid his policy. But any transfer which does not have the effect of divesting him of all interest in the property, if, notwithstanding the transfer, he still retains an insurable interest in the property, it does not have that effect. The reason is, the company is only entitled to know when the property passes into the hands of another, so that the risk may depend upon the other, instead of the person to whom the policy was issued. To borrow money upon the premises does not have that effect. In some policies there are clauses forbiding the incumbering of the property. Perhaps, in such a case, the incumbrance would avoid the policy; but that is not the question here, because it is not alleged in the answer that the plaintiff incumbered the property, but only that he assigned his policy; so that the question is, upon the answer and upon the replication to the answer, whether the assignment being made as security for a loan, that will operate to discharge the company; and upon that it must be said that it will not have that effect. Upon paying off the loan, the right in the plaintiff to the policy was regained, —became complete again,—and I think this would be true whether there had been any express assignment or reassignment by H. A. True or not. This position is supported by authorities cited in May, Ins. § 379.

The demurrers to the replications will be overruled.