JOHN H. KASE (WHO SUES FOR THE USE OF ALBERT O. HEADLEY) v. THE HARTFORD FIRE INSURANCE COMPANY.

A policy of insurance is a contract of indemnity, personal to the party to whom it is issued, or for whose interest the insurer undertakes to be responsible in case of loss, and cannot be transferred to a third person so as to be valid in his hands against the insurer without the insurer's consent.

---

On error to the Essex Circuit Court.

Argued at February Term, 1895, before BEASLEY, CHIEF JUSTICE, and Justices REED and GUMMERE.

For the plaintiff in error, *J. Frank Fort.*

For the defendant in error, *E. A. & W. T. Day.*

The opinion of the court was delivered by

GUMMERE, J.    This is an action brought by the plaintiff for the benefit of Albert O. Headley, upon a policy of insurance issued by the defendant corporation. The principal facts in the case are undisputed, and, briefly, these: The Hartford Fire Insurance Company, on the 8th day of May, 1890, issued to G. Schwab & Brothers a policy of insurance, upon certain property in the city of Newark, which was covered by a mortgage held by John H. Kase, the plaintiff

in this suit. The policy contained this clause, " loss, if any, payable to John H. Kase, mortgagee, as interest may appear." It also contained the ordinary provision that the interest of the mortgagee should not be invalidated by any act or neglect of the mortgagor, nor by any change in the ownership of the property. On the 10th day of November, 1891, Kase assigned to Headley the mortgage which covered the insured property, together with the bond which it was given to secure, but did not assign to him the policy of insurance, or his interest in it; nor did the insurance company consent to the transfer to Headley, or agree that he should stand in the place of Kase so far as the payment of any loss was concerned. A short time after the mortgage was assigned, and on the 28th of November of the same year, the mortgaged premises were partially destroyed by fire. Before this occurred, however, the policy of insurance had become invalidated as against the owners of the premises by reason of their violation of certain of its conditions, and had ceased to be an obligation of the company so far as they were concerned. After the fire occurred, Kase delivered the policy of insurance to Headley, and then brought this suit, in his own name, for the use of Headley.

The question to be determined is whether such a suit can be maintained and damages recovered from the company, by reason of the partial destruction by fire of the mortgaged premises, notwithstanding that, at the time of the fire, the policy had become invalidated as against the owners of the premises, and that Kase, although he had assigned his mortgage to Headley before the fire occurred, failed to transfer to him his interest as mortgagee in the policy of insurance.

It seems clear that in the condition of affairs above narrated, this action cannot be maintained. So far as Kase is concerned, he has not suffered any loss by reason of the injury to the mortgaged premises, for he had no interest in them when the fire occurred. So far as Headley, the assignee of the mortgage, is concerned, although it is true that the fire depreciated his mortgage security, and thereby inflicted pecu-

niary loss upon him, yet, as he had no interest in the policy of insurance, at the time of the fire, he has no right to call upon the defendant company to make good the loss which he has sustained. A policy of insurance is a contract of indemnity, personal to the party to whom it is issued, or for whose interest the insurer undertakes to be responsible in case of loss, and cannot be transferred to a third person, so as to be valid in his hands against the insurer, without the insurer's consent. *Wilson* v. *Hill*, 3 *Metc.* 69 ; *Flanagan* v. *Camden, &c., Insurance Co.*, 1 *Dutcher* 506 ; *Rayner* v. *Preston*, L. R., 18 *Ch. Div.* 1.

Not only was no such consent given in this case, but no attempt was made by the mortgagee to transfer to his assignee his interest in the policy of insurance until after the risk which it insured had determined.

The judgment of the court below should be affirmed.