The Sun Fire Office of London, England, v.
Mary A. Fraser *et al.*
No. 156.

1. Fire Insurance— *clause that policy void if assigned not vio-
lated by delivering policy on transferring note and mort-
gage.* Where a policy of fire insurance provides that the policy
shall be avoided by an assignment of it without the consent of the
company, and the policy is written and indorsed for the benefit of
a mortgagee, such condition will not be held to apply to the mere
delivery of the policy to an assignee and subsequent holder of
the mortgage; and such assignee of the mortgage, at the time the
loss occurred, may claim the benefit of the insurance.

2. ————— *petition alleging proofs denied by answer, evidence
of waiver admissible under averment first made in reply.* In
an action brought by the insured to recover for a fire loss, where
the petition alleges the performance by the insured, on his part,
of the conditions of the policy which allegation is put in issue by
the answer of the insurer, and upon the trial objection is made to
the sufficiency of the proofs of loss, it is proper to permit the plain-
tiff to show facts constituting a waiver as to any insufficiency of
such proofs, although the facts constituting the waiver are al-
leged for the first time in the reply.

Error from Wyandotte Court of Common Pleas.
Hon. T. P. Anderson, Judge. Opinion filed January
9, 1897. *Affirmed.*

This was an action on a fire insurance policy issued
by the plaintiff in error to one E. J. Camp, on his
dwelling-house in Kansas City, Kan., the loss, if any,
to be payable to The English and American Mortgage
Company, Limited, mortgagee, as its interest might
appear. The petition alleged that the Mortgage Com-
pany, before a loss occurred, indorsed its note and
transferred its mortgage and the policy to Mary A.
Fraser, the plaintiff in this action; that thereafter the
dwelling-house insured was totally destroyed by fire;
that notice of the loss was duly given the plaintiff in
error; that, more than the stipulated time before the

action was commenced, due proofs of loss were furnished ; and that nothing had been paid on the mortgage debt, which exceeded the loss covered by the policy. The answer, besides allegations immaterial here, set up that, by its terms, the policy became void by its transfer to the plaintiff without the written consent of the defendant, and that no notice nor proofs of loss had ever been furnished. The reply averred that proofs of loss had been furnished, and " that after said proof of loss was furnished to, and received by, said defendant, Sun Fire Office, as aforesaid, said Sun Fire Office made no objection to said proof for substance, form or manner of making the same."

All the issues were referred to Hon. Almerin Gillett, as referee, who reported findings of fact and conclusions of law ; and the court below, having confirmed the report, rendered judgment for the plaintiff for the amount of the loss as found. The plaintiff in error seasonably challenged the report by a motion for a new trial, and excepted to the order overruling this motion and also to the judgment rendered. This proceeding was brought to reverse the judgment.

Eighteen alleged errors were assigned, but the brief of plaintiff in error raised but two points : *First*, that the policy was avoided by its transfer to the plaintiff below without consent of the plaintiff in error ; and, *second*, that "no proofs of loss were made by *the insured*," E. J. Camp, or the plaintiff below, but the only proofs made were furnished by the Mortgage Company, which, at the time of the loss, had no interest in the policy. The first point was raised upon a condition of the policy, which was appended as an exhibit to the petition, which condition was : "This entire policy, unless otherwise provided by agreement indorsed hereon or added hereto, shall be void, if this

policy be assigned before a loss." No written assign-
ment of the policy was made ; but the note secured
by the mortgage was indorsed by the Mortgage Com-
pany to the plaintiff below and the policy simply went
with this transfer of the debt and the lien. It was also
claimed that the mortgage clause indemnified the
mortgagee only, and did not indemnify its assigns.
The second point was based upon the fact that the
proofs of loss were furnished by the Mortgage Com-
pany, neither the mortgagor nor the plaintiff below
furnishing independent proofs, and upon the proposi-
tions that, under the pleadings, a waiver of proofs or
of defects in them could not be considered, and that,
were it otherwise, there was no proof justifying the
conclusion that there had been a waiver.

*Fyke, Yates & Fyke*, for plaintiff in error.
*Buchan, Freeman & Porter*, for defendants in error.

GILKESON, P. J. Under other conditions of the
pleadings the contention might be tenable that, under
the allegations of the petition that "due proofs had
been made," evidence was inadmissible
that proofs were waived ; but the plain-
tiff in error overlooks the fact that
failure to furnish proofs of loss was set up as a matter
of defense, and that the reply not only denied this
defense, but assigned the reason for pleading "due
proofs" and inferentially averred a waiver of objec-
tion to their sufficiency : "That after said proofs of
loss were received by the defendant, Sun Fire Office,
as aforesaid, said Sun Fire Office made no objection
to said proof for substance, form or manner of making
the same." We think the referee was correct in con-
struing all the pleadings together, and the evidence

2. Evidence of waiver admissible, when.

sustains his findings on this proposition. It will not be contended that Camp had not sustained a loss, and he made, or verified, the proofs which the Mortgage Company furnished. The Mortgage Company, which, having guaranteed the loan for which this insurance was indemnity, had, perhaps, indirectly suffered loss by a diminution of the security, prepared and forwarded proofs of loss, which were received by the plaintiff in error and by its state agent. The state agent, knowing that the Mortgage Company had sent these proofs, paid no attention to that Company, but wrote to Camp; and although informed by him that he was hostile to the Mortgage Company and would not assist in procuring the insurance, never notified the Mortgage Company nor Mrs. Fraser, although he knew she owned the note and held the policy.

We fail to discover anything tending to show that the policy of insurance was, in the strict sense of the term, "assigned" by the English and American Mortgage Company. True, it was delivered to Mrs. Fraser, with the other papers pertaining to the loan, as a part of her security; but did that invalidate the policy? We think not. The policy was procured for the express purpose of indemnity to the Mortgage Company, and this was unquestionably understood by the plaintiff in error when the mortgage clause was inserted expressly providing for that indemnity. All the language used conveys this idea. Even the cancellation clause provides that the policy shall, as to the mortgagee, remain in force for ten days after notice to the mortgagee. "It is the policy of this court to strictly construe those clauses in an insurance policy which forfeit the indemnity provided for the assured." *Blackwell v. Insurance Co.*, 48 Ohio St. 533. We do not think the

1. Transferring does not avoid policy.

term "assigned," as used in this policy, contemplated a mere delivery of the policy to one who, subsequently to the mortgagee, might become the owner and holder of the bond and mortgage. Besides, in this case, the Mortgage Company was made a defendant, pleaded its guaranty, and asked for the same relief Mrs. Fraser demanded.

The mortgage clause created a new, independent contract, and must be construed in connection with the mortgage which was a conveyance of the property as security only. As said by the learned referee :

"The term *mortgagee* is used throughout this clause ; and who is the mortgagee? Is he not the owner of the security secured by the mortgage? and is it not fully the understanding of the Sun Fire Office Insurance Company that, when they permitted the attaching of a mortgage clause under circumstances like this, they intended the policy to accompany the mortgage, and add to its security in the hands of whoever may become the owner and holder of such negotiable bond? There are no words in the mortgage clause restricting the assigning by the mortgagee of the mortgage debt."

The Supreme Court, in *Insurance Co. v. Coverdale*, 48 Kan. 451, says :

"The mortgage clause was agreed upon for this very purpose, and created an independent and a new contract, which removes the mortgagees beyond the control or the effect of any act or neglect of the owner of the property, and renders such mortgagees parties, who have a distinct interest, separate from the owner, embraced in another and a different contract. The tendency of the recent cases is to recognize these distinctions, and thus protect the rights of the mortgagee, when named in the policy; and the interest of the owner and of the mortgagee are regarded as distinct subjects of insurance."

The rule is that "exceptions in a policy should be

strictly construed, and when there are two interpretations equally fair, that which gives the greater indemnity should prevail.'' Under this rule, the courts will, if possible, so construe the contract as to carry into effect the primary purpose for which it was made.

This case was carefully tried by the learned referee, and has been reviewed by an able trial judge. We perceive no error in the record and the judgment will, therefore, be affirmed.