WILLIAM S. WHITING *vs.* HERMAN F. BURKHARDT & others.

Suffolk.    March 18, 1901. — April 15, 1901.

Present: HOLMES, C. J., LATHROP, BARKER, HAMMOND, & LORING, JJ.

The Massachusetts standard form of fire insurance policy provides, that the policy shall be void if assigned without the assent of the company in writing or print. Such a policy was taken out by a mortgagor and made payable to the mortgagee "as his interest may appear." The mortgagee assigned the mortgage and also without the assent or knowledge of the insurance company assigned to the assignee of the mortgage all his "right and interest" in the policy. *Held,* that this was not a transfer of the policy within the above prohibition, but merely an assignment of the right to receive the proceeds as security for the mortgage debt.

One to whom an insurance policy is payable as "mortgagee, as his interest may appear," may assign to the assignee of the mortgage the right to receive on the same terms the proceeds of the policy.

The Massachusetts standard form of fire insurance policy, prescribed by St. 1894, c. 522, § 60, contains the following provision: "If this policy shall be made payable to a mortgagee of the insured real estate, no act or default of any person other than such mortgagee or his agents, or those claiming under him, shall affect such mortgagee's right to recover in case of loss on such real estate." It also provides, that the policy shall be void if the property is sold without the assent of the company in writing or print. A standard policy on mortgaged real estate was made payable to the mortgagee in case of loss. Without the assent or knowledge of the company, one of the two mortgagors who took out the policy conveyed his interest in the mortgaged property and his interest was also sold on execution. *Held,* that this conveyance and sale did not affect the right of the mortgagee to recover on the policy.

The objection to a bill in equity that the plaintiff has a plain, adequate and complete remedy at law not set up in the defendant's answer cannot be taken for the first time in this court.

BILL IN EQUITY by William S. Whiting against Herman F. Burkhardt, Albert L. Jewell and the North British and Mercantile Insurance Company, to recover as mortgagee for a loss by fire to property covered by the mortgage and situated in Hull, Massachusetts, the property at the time of the loss being covered by a policy of insurance issued by the defendant insurance company, and the proceeds of the policy being claimed by each of the other two defendants, if the plaintiff was not entitled thereto, filed September 14, 1899.

The case was heard in the Superior Court by *Bell,* J., who at the request of the parties reported it upon the facts as found by him for the consideration of this court, such order to be made therein as might seem meet and proper.

The facts found by the judge were as follows : The policy was issued on June 20, 1898, to Herman F. Burkhardt and George W. Guptill, and was issued " payable in case of loss to Albert L. Jewell, mortgagee, as his interest may appear." The plaintiff as trustee became the owner of the mortgage on October 13, 1898, Jewell having on that day assigned the mortgage to Whiting, trustee, and having delivered the policy to Whiting, trustee, after indorsing thereon the following : " October 13, 1898. For value received I hereby assign and set over all my right and interest in this policy, and all the advantages to be derived therefrom, unto William S. Whiting, trustee for John S. Whiting, Son & Co., assignee of my mortgage. Albert L. Jewell."

Jewell at the time of the transfer of the mortgage indorsed in blank the mortgage note, waiving demand and notice. The mortgage contained a covenant to keep the property insured for the benefit of the mortgagees.

On June 11, 1899, the property was entirely destroyed by fire, and it was proved that the damage at least equalled the insurance upon the buildings, and that the amount due upon the mortgage was in excess of the total amount of insurance.

On April 15, 1897, Jewell had conveyed by deed the insured building, together with the land on which it stood, to George W. Guptill and the defendant Burkhardt. The latter being a trustee of the Burkhardt Brewing Company, a trust association, the other trustees being Gottlieb F. Burkhardt and P. W. Burkhardt. By this deed Guptill and the defendant Burkhardt became record joint holders of the property, but the defendant Burkhardt held the title for the Burkhardt Brewing Company with the verbal understanding that Guptill could purchase that half at any time by paying what the company had paid for it, with any interest, taxes, or other expenses on its account, and also paying any sum that Guptill might owe the company for merchandise. Upon receipt of the deed Guptill and Burkhardt executed a note and mortgage for $10,875 to Jewell, which was the mortgage later assigned by Jewell to the plaintiff as above set forth.

The policy insured Herman F. Burkhardt and George W. Guptill and their legal representatives against loss or damage

by fire to the amount of $1,500 on frame buildings and additions situated on the easterly side of Main Avenue, Nantasket, in the town of Hull, Massachusetts, known as Hotel Hollis, for the term of one year from the twenty-fourth day of June, 1898, and was in the Massachusetts standard form prescribed by St. 1894, c. 522, § 60. It contained the usual provision that it should be void if without the assent of the company in writing or print " the said property shall be sold or this policy assigned." It contained also the provision that " If this policy shall be made payable to a mortgagee of the insured real estate, no act or default of any person other than such mortgagee or his agents, or those claiming under him, shall affect such mortgagee's right to recover in case of loss on such real estate."

On or about November 1, 1898, the defendant Burkhardt, Gottlieb F. Burkhardt and P. W. Burkhardt, as the Burkhardt Brewing Company, brought suit against Guptill, and made an attachment of his interest in the property insured. On December 30, 1898, Guptill conveyed his interest in the premises to one Harvey H. Pratt. On or about February 11, 1899, the interest of Guptill was sold on execution, issued in the above mentioned suit, to Gottlieb F. Burkhardt, one of the attaching creditors.

The assent of the defendant company was not obtained to the transfer of the insurance made by the defendant Jewell to Whiting, trustee, and it had no knowledge thereof nor of the assignment of the mortgage until after the date of the fire. The defendant company had no knowledge of the attachment by the Burkhardt Brewing Company and the sale of the property on execution in that suit to Gottlieb F. Burkhardt, nor of the transfer by Guptill to Harvey H. Pratt, nor did the defendant Burkhardt know of the conveyance by Guptill to Pratt. No conveyance had been made before the fire by the defendant Burkhardt of his interest in the property.

The judge found that the insurance company waived a reference to arbitrators under the terms of the policy, and also waived any other or further proofs of loss than those actually filed, and that if the insurance company was liable at all it was liable for the full amount of its policy, together with interest since July 8, 1899, on or before which date the amount due under the policy became payable.

*W. C. Cogswell*, for the plaintiff.

*A. M. Lyon*, for the insurance company.

*F. C. Gilpatric*, for Burkhardt, submitted the case on a brief.

*J. H. Appleton*, for Jewell, also submitted the case on a brief.

LORING, J.   The assignment by Jewell of all his right and interest in the policy was not a violation of the provision that the "policy shall be void . . . if . . . without the assent in writing or in print of the company . . . this policy [shall be] assigned."   The object of that provision, (coupled with the provision declaring the policy void if the property insured is sold,) is to prevent the company becoming the insurer of the property of a person who is not acceptable to it; an insurance company has the right to refuse to insure a person whose character is such that the moral risk (to use a term employed in the insurance business) is greater than it is where the same property is owned by an honest man, and is a risk, which they do not care to assume.   The transfer prohibited by this provision is a transfer of the contract of insurance; that is to say, a transfer by Guptill and Burkhardt, the persons insured; not a transfer by Jewell, who was the person designated as the person entitled to receive the proceeds of the insurance, if any, due under the contract between the company on the one hand and Guptill and Burkhardt on the other.   The distinction is plainly and fully pointed out in *Fogg* v. *Middlesex Ins. Co.* 10 Cush. 337, 346; *Phillips* v. *Merrimack Ins. Co.* 10 Cush. 350, 353; *New York Mutual Ins. Co.* v. *Allen*, 138 Mass. 24, 28, 29; *Merrill* v. *Colonial Mutual Ins. Co.* 169 Mass. 10, 13, 14.   What Jewell did by assigning his "right and interest in this policy" was not to transfer the policy, but to assign to another his right to receive the proceeds, if any, under it; the policy remained after the assignment, as it was before, the policy of Guptill and Burkhardt.

We see no reason why Jewell should not make the assignment made by him; the policy was made payable to him as "mortgagee, as his interest may appear"; he assigned his right to receive the proceeds, if any, to the assignee of the mortgage in question, and the plaintiff's right to receive the proceeds of the insurance was subject to this clause in the hands of the plaintiff and could not be held by him for any debt other than the debt secured by that mortgage.

The conveyance by Guptill of his interest in the building insured did not affect the right of the plaintiff to recover in case of loss; it is provided in the policy, that "If this policy shall be made payable to a mortgagee of the insured real estate, no act or default of any person other than such mortgagee or his agents, or those claiming under him, shall affect such mortgagee's right to recover in case of loss on such real estate." This mortgage was originally made payable to "Jewell, mortgagee," and after the assignment by Jewell of his interest to the plaintiff, who had in fact become the assignee of the mortgage in question, it continued to be "payable to a mortgagee," and, as we have said, it could not have been held by the plaintiff for any debt other than the mortgage debt in question.

The objection that there is a plain, adequate and complete remedy at law was not set up in the answers or any of them, and being raised for the first time in this court, is not taken in time. *Jones* v. *Keen*, 115 Mass. 170. *Crocker* v. *Dillon*, 133 Mass. 91. *Parker* v. *Nickerson*, 137 Mass. 487.

A decree must be entered directing the defendant insurance company to pay to the plaintiff the amount of the policy with interest from September 4, 1899.

*So ordered.*