HYMAN KUPFERSMITH AND SAMUEL WEINBERGER, PLAINTIFFS, PLAINTIFFS IN ERROR, v. THE DELAWARE INSURANCE COMPANY OF PHILADELPHIA, DEFENDANTS, DEFENDANTS IN ERROR.

Submitted March 27, 1911—Decided June 19, 1911.

1. Where the writing which assigns a bond and mortgage does not, in terms, transfer a chose in action, nor the policy of insurance on which it is claimed to rest, and neither party intending that it should, a contract different from that made by the written agreement cannot be read into it to give it a more extensive meaning than that expressed.
2. When a mortgagee, holding as collateral a policy against a fire loss with a mortgagee clause attached, sells and disposes of his bond and mortgage for full value, he cannot recover for a fire loss which happened before the transfer, as he has no interest to be made good, and his subsequent transfer of his rights under his policy to a third party passes nothing, for he has nothing to transfer.

---

On error to the Supreme Court.

For the plaintiffs in error, *Clarence Kelsey.*

For the defendants in error, *Condict, Condict & Boardman.*

The opinion of the court was delivered by

BERGEN, J.  Hyman Kupfersmith, as owner, and Samuel Weinberger, as mortgagee, brought this action jointly against

the Delaware Insurance Company of Philadelphia to recover damages resulting from a fire which occurred October 15th, 1908, against which, they allege, they were assured by the defendant company. The undisputed facts necessary to be considered in determining the issues presented by this record are: That the defendant company issued its policy under date of December 5th, 1907, to Kupfersmith, as owner, insuring him against all direct loss or damage by fire, subject to certain conditions contained in the policy, to an amount not exceeding $1,000; that at the time this policy was issued one Charles Schlageter was the holder of a mortgage covering the insured premises, and as collateral thereto held a policy issued by the North British and Mercantile Insurance Company for $3,500, insuring against loss by fire the same premises embraced in the policy of the defendant; that upon the application of Kupfersmith, and without the knowledge of Schlageter, the defendant company issued and attached to its policy a contract with Schlageter, commonly called a "standard mortgagee clause," bearing date June 9th, 1908, by the terms of which the loss or damage was payable to him as mortgagee as his interest might appear, subject to the payment by the mortgagee of any premium due under the policy, should the owner refuse or neglect to pay it; that at the time of the fire Kupfersmith was still owner and Schlageter mortgagee; that on November 30th, 1908, Schlageter, in consideration of $2,000, the principal sum named in his mortgage, assigned it, and the bond it was given to secure, to the American Mortgage Company, which transfer was limited to the bond and mortgage, and did not in words transfer any interest in the policy or right of action for the loss caused by the fire, if any such right existed; that on February 25th, 1909, the American Mortgage Company assigned in like manner this bond and mortgage without covenant as to the amount due and subject to the condition that the assignment was made without recourse against the party of the first part, to one Albert K. Condit; that on March 15th, 1909, Condit assigned the bond and mortgage to Clarence Kelsey, together with any right in and to all moneys due or to become due on any policies of insur-

ance on the premises; that on February 16th, 1909, and before the two last assignments were made, a second fire had totally destroyed the insured buildings; that two days after the assignment to Kelsey he assigned the bond and mortgage to Samuel Weinberger, one of the plaintiffs, including all moneys due or to become due on any policies of insurance in, substantially, the form contained in the Condit assignment to Kelsey; that after both fires, and on March 17th, 1909, Schlageter executed and delivered to Weinberger the following writing: "In consideration of one dollar to me in hand paid I hereby assign, transfer and set over to Samuel Weinberger any and all right, title and interest which I have in and to any moneys due or to grow due to me under policies of insurance on premises situate in Clifton, Acquackanonk township, Passaic county, New Jersey, owned by Hyman Kupfersmith, and any and all interest in said policies."

At the conclusion of the testimony it was admitted by counsel for both parties that there were no disputed questions of fact in the case of Weinberger, and the trial court held, as a matter of law, that the facts did not justify a recovery by Weinberger, but submitted to the jury the question whether Kupfersmith had violated certain conditions of the policy, the non-observance of which it was contracted should avoid the policy. The jury found for the defendant, and judgment was thereupon entered in favor of the defendant against both plaintiffs, who jointly brought this writ of error to review the judgment and proceedings upon which it rests.

The plaintiffs in error insist that the judgment was improperly entered against both plaintiffs, claiming there should have been a judgment of nonsuit as to Weinberger. Without considering the propriety of such an attack upon a judgment record, it is sufficient to say that in our opinion plaintiffs in error have misapprehended the effect of the course pursued by the trial court. There was a motion for nonsuit at the close of the plaintiffs' case, but the record clearly shows that it was refused as to both plaintiffs. At the close of the whole case it was admitted by plaintiffs' counsel that there were no disputed questions of fact concerning the claim of Weinberger,

and the trial court, holding that, on the admitted case, Weinberger could not recover, submitted the disputed questions of fact in the Kupfersmith case to the jury, who found for the defendant against both plaintiffs, according to the judgment record. The exception on this point was taken and sealed to the ruling of the trial court that Weinberger had no enforcible contract on the case shown; no nonsuit was allowed. We think that the action of the trial court amounted to a directed verdict in the Weinberger case, and that the record correctly displays the result of the trial.

The *status* of the respective plaintiffs in this case are not alike, for Kupfersmith sues on a policy of insurance issued to him as owner subject to certain conditions, while Weinberger claims that he is entitled to recover the amount of the loss caused by the fire, not only by virtue of the assignment made by Schlageter to him March 17th, 1909, above set out, but also under the assignment of the bond and mortgage by Schlageter to the American Mortgage Company, which he claims carried with it the contract made by the defendant company with Schlageter as mortgagee, and also all rights which had accrued to Schlageter thereunder.

The situation presented by this record requires a consideration of the case in two aspects—*first,* that of the owner and his rights, and *second,* that of Weinberger who claims under the assignment from Schlageter to the American Mortgage Company and its assigns, and also under a subsequent assignment from the mortgagee directly to him.

There was evidence, not disputed, tending to show, and counsel for plaintiffs in error so argues, that the assignees of the bond and mortgage, Condit and Kelsey, had no interest therein, but were used as a "convenient medium" to assign the bond and mortgage to Weinberger, and that in truth and fact the assignment was made by the American Mortgage Company to Weinberger. We think the evidence justifies this claim made by counsel for plaintiffs in error. An assignment of the mortgage would not carry to the assignee the contract of indemnity made by the defendant with the mortgagee, without the consent of the defendant company to the transfer,

so far at least as it related to any subsequent loss, and as it is established by the verdict of the jury that Kupfersmith, the owner, had, before the fire, violated certain conditions of the policy which invalidated it as to him, and it not appearing that the defendant company consented to the transfer of the mortgage contract, such transfer, as to future liability, would be without legal support against the insurer. *Kase* v. *Hartford Insurance Co.*, 29 *Vroom* 34. But plaintiffs in error rest their argument upon the fact that the assignment of the mortgage was made after the fire, and claim therefore that the transfer carried with it a chose in action, vested in the mortgagee, to recover from the insurance company the loss which had accrued while he was the owner of the mortgage. That is to say, that an assignment of a policy after a loss is not an assignment of the policy, but of the claim for the insurance, which does not require the consent of the company. That an assignment of a policy of insurance after a fire loss does not assign the policy as to future indemnity thereunder without the consent of the insurer, where such consent is one of the conditions of the policy, but is limited to the claim for a loss thereunder, is a rule which has the support of the weight of authority on the subject, and was adopted in this state in *Combs* v. *Shrewsbury Mutual Fire Insurance Co.*, 5 *Stew. Eq.* 513. So, that if the rights of the mortgagor under the mortgagee clause passed to the mortgage company by the assignment of the mortgage, all that the assignment carried was a chose in action, if the assignor had a right of action, as an incidental security to the bond and mortgage assigned, which might be enforced in a proper proceeding therefor. But this is an action at law founded upon a written contract expressed in unambiguous language, which does not transfer the chose in action, nor could the parties have intended it, as neither was aware of its existence.

In determining the claim of Weinberger we find that his rights must rest first upon whether this chose in action was transferred by Schlageter to the American Mortgage Company and through it to him, and second, if it was not, did it pass

by the transfer of March 17th, 1909. The assignment of the bond and mortgage by Schlageter to the American Mortgage Company does not purport to assign any chose in action or the policy as evidence thereof, and that it was not the intention of either party to this transfer to pass the chose in action or the rights of Schlageter under the mortgagee clause is conclusively established, because neither knew of its existence. Schlageter testified that he had no knowledge of this insurance for his benefit, and there is no proof that the American Mortgage Company knew of it. The only policy which Schlageter knew about was the one which he held, issued by the North British and Mercantile Insurance Company for $3,500, and that he had surrendered to Kupfersmith, the owner, in order that he might make proof of loss under it, for which he held Kupfersmith's receipt. The mortgagee clause provided that in case the mortgagor or owner should neglect to pay any premium "due under this policy, the mortgagee (or trustee) shall, on demand, pay the same," so if Schlageter had accepted this independent contract between himself and the defendant company, he would have been required to pay the premium in case of default by the mortgagor or owner, but as in this case he did not accept the contract or have any knowledge of it, he would not be bound to comply with a condition to which he never consented, and it is therefore doubtful whether Schlageter ever had any contract which he could enforce at the time it is claimed he assigned it, for his acceptance of that condition was a part of the contract and he never did agree to it actually or constructively.

It also appears that on March 6th, 1909, the American Mortgage Company, the real owner of the mortgage, although the title stood in the name of Condit, notified Mr. Kelsey, the attorney of Weinberger, that they took from Schlageter no assignment of his interest in any policies of insurance whatever, and that they neither procured from him a delivery of the policies themselves, nor caused any change of interest in any policy to be noted with the company, and this was a clear waiver of any equitable assignment to that company to be

drawn from the mere fact that the bond and mortgage had been assigned to it. This letter was sent at a time before Weinberger had acquired any interest and when his agent, Kelsey, knew that Condit held the naked title, without any real or equitable interest in the bond and mortgage.

In our opinion where, as in this case, the deed of assignment of a bond and mortgage does not, in terms, transfer a policy of insurance held as collateral to the mortgage, or a chose in action growing out of a fire loss assured by the policy, and where neither party intended that the policy or the chose in action should be transferred, a contract different from that made by the written agreement cannot be read into it to give it a more extensive meaning than that expressed, nor can it be interpreted to include a right or security incidental to the mortgage assigned but not disclosed in the deed of assignment, in order to support an action at law. *Martin* v. *Insurance Company of North America,* 28 *Vroom* 623.

The next question to be considered is what, if anything, passed from Schlageter by the transfer of March 17th, 1909, which is set out at length in the earlier part of this opinion. We think that at that time Schlageter had nothing to transfer, because long before that he had assigned his mortgage to the American Mortgage Company, and then had no interest in the property insured or rights under his mortgagee clause. What he was then undertaking to do was to assign a chose in action when he had nothing to assign, for manifestly he could not have recovered anything from the defendant after the transfer of his mortgage, even if he had that right before, because he then had no debt or security therefor which he could enforce against the defendant company. The holder of a mortgage protected by a mortgagee clause is not bound to collect from an insurance company the amount of a loss insured against, for the remainder of the property may be a sufficient security for his mortgage; he may call upon the insurer to make him good, or he may rely upon the diminished value of the property as a security for his mortgage, and when he disposes of his mortgage he has no interest which he may call upon the

insurer to make good. He becomes a stranger to the matter without any rights to subsequently assign.

The only other exception requiring consideration is that which relates to the admission of the letter written by the American Mortgage Company before the transfer of the mortgage to Kelsey, as the counsel of and representing Weinberger, in which notice was given that the mortgage company took no transfer of the policy or any right under it. The exception is put upon the ground that as the mortgage company had parted with the mortgage, its disclaimer was not competent, because not made against interest. We think otherwise. As we have said in this opinion, Condit, who held the title, was a mere dummy, holding it for the American Mortgage Company, and both Kelsey and Weinberger so understood it, and claim to have dealt with the American Mortgage Company in acquiring the mortgage. At the time this notice was given the American Mortgage Company was the equitable owner of the mortgage; Kelsey was the attorney and representative of Weinberger, and both he and Weinberger knew that Condit was holding the mortgage for the convenience of the mortgage company, the real owner, and it was not therefore a disclaimer made by one without interest, and the notice was given in order that Weinberger, through his attorney, should know before he purchased that the assignment of the mortgage carried with it nothing but the bond and mortgage.

We think the trial court properly disposed of the Weinberger claim, and that there is no error apparent in this record which requires a reversal of the judgment so far as this claim is concerned.

As to the Kupfersmith case, the court submitted to the jury two questions of fact, one of which, and the only one upon which error is assigned, challenges the action of the trial court in submitting to the jury the question whether the building was vacant or unoccupied and so remained for ten days in violation of one of the conditions of the policy. The exception to the charge on which this assignment is based was not sealed, and is therefore not properly the subject of argument,

but an examination of the testimony clearly shows a disputed question of fact, and it is therefore a matter which the court was bound to submit to the jury. We have examined all of the numerous assignments of error on this branch of the case; some of them are immaterial, others are not supported by any exceptions sealed by the court, and as to those which are sealed, we find no error sufficient to justify a reversal.

The judgment under review is affirmed.

*For affirmance*—THE CHIEF JUSTICE, GARRISON, SWAYZE, PARKER, BERGEN, VOORHEES, MINTURN, BOGERT, VREDENBURGH, CONGDON, SULLIVAN, JJ. 11.

*For reversal*—THE CHANCELLOR, TRENCHARD, J. 2.