NEW YORK UNDERWRITERS INS. CO. v. CENTRAL UNION BANK OF SOUTH CAROLINA.

No. 3435.

Circuit Court of Appeals, Fourth Circuit.

June 15, 1933.

Joseph L. Nettles, of Columbia, S. C. (R. E. Whiting, of Columbia, S. C., on the brief), for appellant.

A. L. Wardlaw, of Columbia, S. C. (Elliott, McLain, Wardlaw & Elliott, of Columbia, S. C., on the brief), for appellee.

Before PARKER, NORTHCOTT, and SOPER, Circuit Judges.

PARKER, Circuit Judge.

This is an appeal from a judgment on a policy of fire insurance, in favor of an assignee of a mortgagee protected by a New York Standard Mortgage Clause. On a former appeal, 52 F.(2d) 823, 78 A. L. R. 494, we held that the rights of the mortgagee under the policy could be assigned with the mortgage debt, and that the assignee took under the assignment the right of the mortgagee to enforce the policy notwithstanding the forfeiture of the rights of the mortgagor. On the second trial, the company insisted that there was a forfeiture as to the assignee because of failure to give notice of change of ownership in accordance with the requirement that the mortgagee should notify the company of any change of ownership or increase of hazard which should come to its knowledge. The trial judge directed a verdict for the plaintiff; and from judgment thereon the company has appealed.

The mortgage clause is quoted in full in our former opinion. 52 F.(2d) 823, 824, 78 A. L. R. 494. It provides that the policy, as to the interest of the mortgagee, shall not be invalidated by any act or neglect of the mortgagor or owner, nor by any change in title or ownership, etc., but follows this with certain conditions, among which is the following: "Provided, also, that the mortgagee (or trustee) shall notify this company of any change of ownership or occupancy or increase of hazard which shall come to the knowledge of said mortgagee (or trustee) and, unless permitted by this policy, it shall be noted thereon and the mortgagee (or trustee) shall, on demand, pay the premium for such increased hazard for the term of the use thereof; otherwise this policy shall be null and void."

The facts are that the policy of insurance was issued on March 30, 1929, to one Thomas Anderson. Attached to it was the mortgage clause in question insuring the Metropolitan Life Insurance Company, which held a mortgage on the insured property. This mortgage had been transferred to the Metropolitan by the Palmetto National Bank, the predecessor of the Columbia National Bank, under an understanding that it would be repurchased in case of default. On October 30, 1929, Anderson having defaulted, the Co-

lumbia National Bank, the predecessor of plaintiff, made remittance to the Metropolitan for the purpose of repurchasing the note and mortgage that it might have the mortgage foreclosed. The Metropolitan assigned the note and mortgage to the bank as of November 1, 1929, but did not mail them to the bank until November 15th. The insurance policy came into the possession of the bank with these papers on November 18th. The fire which destroyed the property occurred on the 19th.

While the repurchase of the Anderson papers was in progress, the bank instructed its attorney to prepare papers for foreclosure; and the attorney, on investigating the title, discovered that in 1923 Anderson had conveyed the mortgaged property to his wife. The bill in the foreclosure suit, which was verified by an officer of the bank on November 1st, alleged this as a fact; but there is nothing to show that the bank or those who represented it knew that the policy did not fully take care of the situation until the papers came into the possession of the bank on November 18th.

We agree with the court below that the duty did not devolve upon the bank of notifying the company of the transfer of title until the papers came into its possession. It knew on November 1st that the title of Anderson had been transferred to his wife but not until the policy came into its possession on the 18th did it know that this fact violated the conditions of the policy. On the presumption that the policy had been correctly issued, it had a right to assume, until it learned the contrary, that the policy had been issued in the name of the true owner of the property. When it learned that the transfer had been made and that the person named as insured had conveyed his equity of redemption to another, it was its duty to notify the company of this fact; but it had a reasonable length of time within which to do this, and the fire occurred before it could be said that such reasonable time had elapsed.

It is argued that the change of ownership referred to in the invalidating provision of the mortgage clause has reference to a change occurring during the term of the policy and not to one which occurred years before the policy was issued. We do not agree with this. The mortgage clause protects the mortgagee against any act or neglect of the mortgagor, whether prior or subsequent to its execution. Syndicate Ins. Co. v. Bohn (C. C. A. 8th) 65 F. 165, 27 L. R. A. 614; and we think that the condition requiring notice of change of ownership or increase of hazard coming to the knowledge of the mortgagee should be given an interpretation equally broad. It is well settled, however, that the knowledge contemplated is actual and not constructive knowledge and that a reasonable time is allowed for giving notice thereof. Concordia Fire Ins. Co. v. Commercial Bank (C. C. A. 8th) 39 F.(2d) 826, 829; Hartford Fire Ins. Co. v. Morris (C. C. A. 6th) 27 F. (2d) 508, 510; Svea Fire & Life Ins. Co. v. State Savings & Loan Ass'n (C. C. A. 8th) 19 F.(2d) 134, 136. Here the bank received actual knowledge of a breach of condition only when the papers were received on the 18th. To charge it with knowledge of the contents of the papers before they were received by it would be unwarranted, as the insurance company was in no sense its agent. And it would be unreasonable to charge it with the duty of giving notice of the transfer of title before it had knowledge that the policy was drawn in such way that this fact would constitute a breach of its conditions.

There was no error and the judgment of the court below will be affirmed.

Affirmed.