## WESTCHESTER FIRE INS. CO. v. HARDER.

### No. 5605.

Circuit Court of Appeals, Third Circuit.

March 29, 1935.

Arthur T. Vanderbilt, of Newark, N. J. (Frederick W. Hall, of Newark, N. J., on the brief), for appellant.

Durand, Ivins & Carton, of Asbury Park, N. J. (J. Victor Carton, of Asbury Park, N. J., on the brief), for appellee.

Before BUFFINGTON, DAVIS, and THOMPSON, Circuit Judges.

BUFFINGTON, Circuit Judge.

In this case the undisputed facts are as follows: On October 7, 1930, the Westchester Fire Insurance Company, hereafter called defendant, issued its policy to Benjamin B. Smith and Julia, his wife, against loss or damage by fire, on their frame building, in the sum of $10,000. On its policy defendant indorsed a mortgage clause, making loss thereon payable to the plaintiff, Emma Myrkle Harder, on her mortgage given by Smith and wife to her. Subsequently the mortgagors defaulted on the mortgage and foreclosure was determined on. Thereupon Smith, to avoid publicity on such foreclosure, executed a deed of the property to his nephew, Turner, and recorded it. The grantee paid no consideration and did not know a deed had been made to him until some time later. The plaintiff, who had no knowledge of Smith making

the deed, placed her mortgage in the hands of a law firm, to have the same foreclosed. In proceeding to foreclosure the lawyers found Smith had conveyed and named Turner as a terre-tenant. Not knowing the property was insured or that plaintiff was assignee of the policy, the lawyers gave no notice to her. Under this state of facts the court refused to consider the policy forfeited under its provision "that the mortgagee * * * shall notify this company of any change of ownership * * * which shall come to the knowledge of said mortgagee." We here note the plaintiff's contention that Smith's deed to Turner, made without consideration, without Turner's knowledge, and without delivery to him, and which was executed with no purpose of vesting ownership in Turner, but as a mere incident in the contemplated divesting of the Smith mortgage by foreclosure, was not such a change of ownership as forfeited the policy. See Wiley v. London & Lancashire Fire Ins. Co., 89 Conn. 35, 92 A. 678, and cases cited in De Armand v. Home Ins. Co. (C. C.) 28 F. 603.

Waiving such matter for the present, we pass to the question: Was the court in error in holding that the knowledge of plaintiff's lawyer of the deed from Smith to Turner was not knowledge by the plaintiff and gave the defendant no right to forfeit the policy? Viewing the language of the policy in its ordinary meaning, we have the word "knowledge," standing alone, without qualification, no mention of "constructive knowledge," of "imputed knowledge," or "presumed knowledge." Can there be any doubt that what was required here was just knowledge—knowing, really actually knowing? The policy provides that whatever the "change of ownership" was, it was to "come to the knowledge of said mortgagee," and in point of fact it never did come to her knowledge. The policy might have provided "shall come to the knowledge of her agent," "of her attorney," and the like, but it did not. So far as words make plain, the policy provided for her personal, individual knowledge, and to write into it "her attorney's knowledge," and make knowledge by him knowledge by her where the attorney was employed simply to foreclose, had no connection with her insurance, and no knowledge thereof, would in effect make a new contract.

After consideration, we are of opinion the court committed no error in holding that change of ownership had not come to the

knowledge of the plaintiff mortgagee and the defendant had shown no right to forfeit the insurance policy. Its conclusion was supported by authority. See Concordia Fire Ins. Co. v. Commercial Bank (C. C. A.) 39 F.(2d) 826; New York Underwriters Ins. Co. v. Central Union Bank (C. C. A.) 65 F. (2d) 738.

The judgment is affirmed.