WILLIAM G. CUMMINS, Appellant, *v.* THE AGRICULTURAL INSURANCE COMPANY, Respondent.

A policy of insurance issued by defendant upon plaintiff's dwelling-house contained a provision that if the dwelling-house "become vacated by the removal of the owner or occupant," the policy would be void, etc. In an action upon the policy, plaintiff's evidence tended to show that the occupant and his wife absented themselves from the house for a considerable period, but for a temporary and special purpose, he retaining it as his residence, and intending to return to it, leaving his furniture and family clothing therein, his wife taking care of it, going to it every week to cleanse it, and, from time to time, for other purposes. *Held,* that the provision referred to a permanent removal, an entire abandonment of the house as a place of residence; and that a refusal of the court to submit to the jury the question whether the house had been vacated by the removal of the occupant was error.

*Paine* v. *The Agricultural Insurance Company* (5 T. & C., 619), *Weston* v. *City Insurance Company* (15 Wis., 138), *Harrison* v. *City Insurance Company* (9 Allen, 231), *Keith* v. *Quincy Insurance Company* (10 id., 228) distinguished.

Also *held,* that a statement in the proof of loss that the premises were vacant did not preclude plaintiff from showing the circumstances under which the house had been vacated.

*Cummins* v. *Agricultural Insurance Company* (5 Hun, 554) reversed.

(Argued October 5, 1876; decided November 14, 1876.)

APPEAL from judgment of the General Term of the Supreme Court in the fourth judicial department in favor of plaintiff, entered upon an order denying motion for a new trial, and directing judgment on an order nonsuiting plaintiff on trial. (Mem. of decision below, 5 Hun, 554.)

This action was upon a policy of insurance issued by defendant, insuring, among other things, plaintiff's dwelling-house.

The policy contained this provision: " If the dwelling-house or houses hereby insured become vacated by the removal of the owner or occupant, or be unoccupied at the time of effecting the insurance, and not so stated in the application, then, and in every such case, and in either of said events, this policy shall be null and void, until the written consent of the company, at the home office, is obtained."

The house was occupied, at the time of the issuing of the policy, by Albert Cummins and wife, plaintiff residing in another house near by. Some three months prior to the fire, plaintiff went from home, leaving his wife, and his son and wife, at his request, stayed at his residence during his absence. Plaintiff's evidence was to the effect that Albert still retained the house as his residence; left there his furniture and family clothing, and intended to return to it upon the return of his father. Albert and his wife were frequently at the house, the latter going there each week to sweep it, air the furniture, and, at other times, to can fruit, to obtain articles needed, and for other purposes. Before the return of the plaintiff, and while Albert was thus absent, the house was burned. In the proofs of loss, plaintiff stated that the premises were vacant at the time of the fire. At the close of the evidence, defendant's counsel moved for a nonsuit, upon the ground that the undisputed evidence showed that the house became vacant, and continued so up to the fire, without notice to defendant.

Plaintiff's counsel asked the court to submit the question to the jury whether the occupant of the house vacated the same by removal. The court refused so to do, and granted the motion for a nonsuit, to which plaintiff's counsel duly excepted. Exceptions were ordered to be heard in first instance at General Term.

*Geo. B. Bradley* for the appellant. The house did not become vacated by the removal of the occupant. (6 J. & S.,

517; *Rann* v. *Home Ins. Co.*, 59 N. Y., 387; *Hoffman* v. *Ætna Ins. Co.*, 32 id., 405; *Reynolds* v. *Com. Ins. Co.*, 47 id., 597; *Hynds* v. *Schen. Co. Ins Co.*, 11 id., 554; *Com. Ins. Co.* v. *Robinson*, 64 Ill., 265; 5 Am. R., 557; 2 Burr. L. Dict., Removal; *Crawford* v. *Wilson*, 4 Barb., 518; *O'Brien* v. *Com. F. Ins. Co.*, 6 J. & S., 517.) The paper of September eighteenth was in no sense an estoppel. (*McMaster* v. *Pres't, etc., of Ins. Co.*, 55 N. Y., 222.)

*Bradley Winslow* for the respondent. The refusal to allow plaintiff to show that his statement of loss was different from that contained in the proofs of loss was correct. (*Irving* v. *Excel. F. Ins. Co.*, 1 Bos., 507.) The house was vacated within the spirit and meaning of the policy. ( *Weston* v. *City F. Ins. Co.*, 19 Wis., 138; *Harrison* v. *City F. Ins. Co.*, 9 Allen, 231; *Keith* v. *Q. M. F. Ins. Co.*, 10 id., 228; *Paine* v. *Ag. Ins. Co.*, 5 N. Y. S. C. R., 619.)

RAPALLO, J. At the General Term this case was decided mainly upon the authority of the case of *Paine* v. *The Same Defendant* (5 N. Y. Sup. Ct. [T. & C.], 619). The policy in that case contained a provision that should the house insured be *left unoccupied* without giving *immediate* notice to the company the policy should be void. The occupants, being husband and wife, separated and left the house uninhabited for several weeks, though their household effects were left upon the premises and the husband occasionally went there. The Supreme Court held that the house was left unoccupied within the meaning of the policy. After that decision it appears that the defendant changed the form of its policies, and in the one now in question in place of the provision that leaving the house unoccupied should avoid the policy, inserted the clause that if the house should *become vacated by the removal of the owner or occupant* the policy should be void, etc. The court below expressed the opinion that there was not, in effect, any substantial distinction between the language used in this policy and that used in the policy in the Paine

case, or such as would allow the court to depart from its decision in that case.

The question is not free from difficulty, but it seems to us that there is a material distinction between the two provisions. In the case of Paine the mere fact that the house was left unoccupied was sufficient to avoid the policy, according to its express terms, unless *immediate* notice were given. In the cases of *Weston* v. *City Fire Insurance Company* (15 Wis., 138) and *Harrison* v. *Same Company* (9 Allen, 231), which are relied upon as authorities in the Paine case, the clause was that the policy should become void if the occupant personally vacated the premises without giving immediate notice ; and in the case of *Keith* v. *Quincy Mutual Fire Insurance Company* (10 Allen, 228) the clause was that the policy should become void if the building remained unoccupied over thirty days without notice. In all these cases it was immaterial how the house came to be vacated or unoccupied. The fact alone was sufficient. But in the present case merely vacating the house or leaving it unoccupied was not declared in the policy to be sufficient to terminate the insurance. The condition was superadded that it must have been vacated *by the removal of the owner or occupant.* Some significance must be attached to these words, and we think that they refer to a permanent removal and entire abandonment of the house as a place of residence. So long as the occupant retained it as his place of abode, intending to return to it, and left his furniture and effects there, some degree of watchfulness and care on his part might reasonably be expected. He would continue to have an interest in its protection and preservation, and in common parlance he would not be said to have removed therefrom.

The absence of Albert Cummins and his wife, though for a considerable period, was temporary in its nature and for a special purpose. There was evidence that he still retained the house as his residence and left his furniture and clothing of his family there ; that during this absence his wife took care of the house, going there every week to cleanse it, and

from time to time to obtain articles required for immediate use and for other purposes, and that it was their intention to return as soon as the plaintiff had finished his canvassing trip. The statement in the proofs of loss as to the premises being vacant did not preclude the plaintiff from showing at the trial the circumstances under which the house had been vacated (55 N. Y., 229), and we think the court should have submitted to the jury, as requested, whether it had been vacated by the removal of the occupant therefrom.

The judgment should be reversed and a new trial ordered, costs to abide the event.

All concur.

Judgment reversed.