HILL *v.* EQUITABLE M. F. INSURANCE CO.

When a house is insured upon condition that, if it is vacated by the owner or occupant, previous notice shall be given to the insurer of " the particulars of such vacation or removal," the condition is not complied with by a notice that the household goods will not be removed, when, in fact, they are substantially all carried away.

ASSUMPSIT, on a policy insuring a house upon condition that, if the house is vacated by the owner or occupant, notice thereof shall be given to the secretary of the company prior thereto, stating the particulars of such vacation or removal, and the length of time the house is to remain unoccupied. Facts found by a referee. The plaintiff, having taken the policy with full knowledge of the condition, called, with her husband, upon an agent of the company, and informed him that her son and his family, who occupied the house, were about to leave it for three or four weeks. The agent said, "I suppose they are not going to move their things away." The plaintiff's husband said, " No ; they are only going on a visit." The plaintiff's son and his family left the house, intending to return in three or four weeks, and carried away substantially all their household property. At the end of three weeks the empty house was burned.

*I. A. Eastman* and *W. T. Norris*, for the plaintiff.

*Mugridge*, for the defendants.

DOE, C. J. The contract required notice of the particulars of the intended removal. The notice given was, not that substantially all the household goods would be removed, but that no such removal would take place. If such goods are not excessively insured, their presence in the house generally has a tendency to prevent the burning of the house by their owner. The danger of his burning his goods, the difficulty of removing them after he sets the fire, and the evidence furnished by his preparatory removal of them before the fire, afford a protection of a substantial character against fraudulent incendiarism, which insurers may well avail themselves of. The house containing the goods of the absent family is more likely to be cared for, and less

likely to be burned, than an empty house. The increase of the risk caused by removing the goods is material. Their removal is one of the material particulars of the subject of occupation, concerning which the plaintiff gave the defendants information contrary to the event. The case does not come within the principle of *Cummins* v. *A. Ins. Co.*, 67 N. Y. 260, and the defendants are entitled to judgment.

*Case discharged.*

FOSTER and STANLEY, JJ., did not sit.