## LAHIFF *v.* ASHUELOT INS. CO.

A policy of insurance being a personal contract, a conveyance of the thing insured does not operate as an assignment or transfer of the policy.

The mere act of an agent of an insurance company, in writing, witnessing, and taking the acknowledgment of a deed of conveyance of property insured by the company, there being no assignment or transfer of the policy of insurance and no reference to it, is not a waiver of a provision of the policy against alienation.

ASSUMPSIT, on a policy of insurance. Facts agreed. March 20, 1872, the defendants insured the plaintiff's buildings for five years, in the sum of $500, the premises being subject to two mortgages, and the insurance, in case of loss, made payable to the mortgagees as their interest might appear. August 12, 1872, the plaintiff by warranty deed conveyed the land and buildings to McNamara, who entered into possession, the deed being written, witnessed, and the acknowledgment taken by the defendants' agent who effected the insurance on the buildings. The policy of insurance was never transferred, and October 11, 1873, the buildings were destroyed by fire. March 13, 1874, McNamara, by quitclaim deed, reconveyed the land to the plaintiff. After the fire and before the reconveyance, the defendants paid to the mortgagees the amount of their interest in the insurance, which was less than the amount covered by the policy, and took an assignment of the mortgages. Before bringing this suit, the plaintiff made a written demand upon the defendants to deliver to him the mortgages and notes, and pay the balance of the insurance and interest. The defendants' charter, printed upon the policy, contains the following: "When any property insured by this company shall in any way be alienated, the policy shall then be void, and upon the surrender thereof to the directors the assured shall be entitled to his deposit note upon paying his proportion of all losses and expenses which accrued prior to such surrender." The question is reserved whether the action can be maintained.

*Burke*, for the plaintiff.

*Hardy*, for the defendants.

CLARK, J. Insurance is a contract of indemnity, appertaining to the person or party to the contract, and not to the thing which is subjected to the risk against which its owner is protected. *Cummings* v. *Ins. Co.*, 55 N. H. 457. The contract of insurance being indemnity against loss, it is essential to its existence that the party insured should have some interest in the thing insured; and when he parts with that interest, the contract is necessarily

terminated. *Wilson* v. *Hill*, 3 Met. 66. In the present case the contract of insurance, by express stipulation, provided that any alienation of the property insured should render the policy void, and the conveyance of the insured premises by the plaintiff to McNamara by warranty deed, in August, 1872, avoided the policy and terminated the contract between the plaintiff and the defendants. When the buildings were destroyed by fire, in October, 1873, there was not only no contract of insurance between the plaintiff and the defendants, but there could be none, for the reason that the plaintiff had no insurable interest in the property.

Neither was there any contract of insurance at the time of the fire between McNamara, the owner of the buildings, and the defendants. McNamara had never made or attempted to make any such contract. The plaintiff's policy of insurance was not transferred by the warranty deed. A contract of insurance does not run with the land and pass as an incident to it. *Cummings* v. *Ins. Co.*, 55 N. H. 457; *Carpenter* v. *Ins. Co.*, 16 Pet. 495. The plaintiff had never assigned or attempted to assign his policy to McNamara, so that McNamara at the time of the fire had no claim for insurance upon anybody, and consequently he could assign no such claim to the plaintiff.

If, at the time of the conveyance of the premises, the plaintiff had undertaken to assign and transfer the policy of insurance, it would be material to consider the effect of the knowledge of the defendants' agent of the transaction. The knowledge of the agent might be evidence of the assent of the company to an assignment of the policy to the grantee, if such an assignment had been made or attempted. But in the present case no transfer or assignment was made to which the company could assent, and the agent's knowledge of the conveyance of the property insured could not have the effect to create a contract of insurance between the parties, or bind the company to a contract that never was made.

*Judgment for the defendants.*

BINGHAM, J., did not sit: the others concurred.