ALLEN & a. v. SHAW & a.

To create an estoppel by silence, there must be not only an opportunity, but an apparent duty, to speak. The party keeping silent must know that some one is either acting or about to act as he would not if the truth were known.

An owner of real estate may be estopped to assert his title against a lien claimed under a third person, as well as against a grantee of such third person.

BILL IN EQUITY, alleging the following facts: February 23, 1877, Shaw & Dalton, as tenants in common, owned a lot of land on which were a store and house, subject to a mortgage of about $100, then and now owned by Tibbetts. On that day one Abbott agreed to buy Dalton's half for $650, and gave his two notes to Dalton for $325 each, payable one in one year, and the other in two years; and Dalton gave Abbott a bond for a deed of his half, to be made on the payment of the notes. Abbott took possession of that half, and Shaw & Abbott occupied the premises until some time in April, 1878. Between February 23, 1877, and April, 1878, Shaw & Abbott built an addition to the buildings. At the request of Abbott, and with the knowledge and consent of Shaw & Dalton, the plaintiffs provided labor and materials for the addition; and each claims a lien. In due time, each of the plaintiffs brought a suit on his claim against Abbott, and attached the land and buildings and all of Abbott's interest in the same, and obtained a lien judgment, February, 1878. One eighth undivided part of the premises was set off to Blood on his execution, and an undivided three thirteenths part to Allen on his execution. In April, 1878, Abbott quit, and Dalton resumed possession of said half; and Shaw & Dalton continued to hold possession of the whole, and refused to acknowledge the right of each of the plaintiffs, and refused to account to the plaintiffs for rents and profits. Each of the plaintiffs has always been ready and willing, and hereby offers, to contribute for redemption from Tibbetts's mortgage. Partition is impracticable.

The prayer is, that the whole may be sold and the proceeds divided; that Shaw & Dalton account for rents and profits; that the mortgage be paid out of Shaw & Dalton's shares of the proceeds of the sale; and for general relief.

The defendants demurred. The plaintiff offered the following amendment: Immediately after Abbott received the bond, he entered into the occupation of the land and buildings, and continued to occupy the same till April, 1878. During that time he occupied as sole owner of the premises; and Shaw & Dalton so held him out to each of the plaintiffs, and so treated him in their presence. During that time Abbott built the addition to the buildings, and each of the plaintiffs, by virtue of a contract with

Abbott as the owner, with the knowledge and consent of Shaw & Dalton, and without objection on their part, or an assertion of ownership, or a denial of Abbott's ownership, furnished the materials and performed the labor in building the addition, to the amount of $200, fully believing, from the claims of Abbott and the conduct of Shaw & Dalton, that Abbott was the owner of the premises, and had lawful right to contract as such for materials and labor for the addition, and to subject the premises to the lien provided by *c*. 125, *ss*. 11, 12, Gen. St. Each of the plaintiffs furnished the materials and performed the labor because of the conduct and representations of Shaw & Dalton.

The defendants demurred to the bill as amended.

*Ray, Drew & Jordan* and *Bingham & Aldrich*, for the plaintiffs.

*Ladd & Fletcher*, for the defendants.

STANLEY, J. The material question is, Have the plaintiffs a title sufficient to support their bill? Their title is under an attachment in a suit against Abbott to secure a lien for materials furnished in the erection of an addition to the store on the premises in dispute. Abbott's title was a bond for a deed of one half of the premises, on condition that he paid two notes given for the purchase-money. There is no allegation that any part of the notes has been paid. The only interest which Abbott had when the attachment was made was the right to receive a conveyance on complying with the conditions of the bond, viz., payment of the notes. Abbott was in possession under his bond, and the materials were furnished on a contract with him.

The statute gives a lien upon the building and upon any right of the owner to the land on which the building stands. Gen. Laws, *c*. 139, *s*. 11. The plaintiffs brought their suit against Abbott, and they could get by their attachment nothing more than Abbott's interest. That interest was a right to a conveyance upon conditions which have never been performed. The cases of *Calef* v. *Brinley* and *Stevens* v. *Kennard*, 58 N. H. 90, are not in point. There the title to the lumber passed, it having been delivered with the intention that it should pass. Here the title did not pass. There was a change of possession, but not of title. But the plaintiffs contend that the defendants are estopped by their silence to deny that Abbott had a title, or that they acquired a title by their levy. The allegation on this point in the original bill is, that at the request of Abbott, and with the knowledge and consent of Shaw & Dalton, the plaintiffs provided labor and materials for the addition. There is no charge that the plaintiffs delivered the materials to Abbott because of the defendants' silence, or that it was their duty to speak, or that they knew that the plaintiffs were acting or proposing to act otherwise than they ·

would have acted had they known the facts.    To create an estop-
pel by silence, there must be not only the opportunity, but the
apparent duty, to speak.    The party keeping silent must know
that some one is relying thereon, and is either acting or about to
act as he would not if the truth were known to him.    *Viele* v.
*Judson*, 82 N. Y. 32; *Taylor* v. *Ely*, 25 Conn. 250; *Marshall* v.
*Pierce*, 12 N. H. 127; *Batchelder* v. *Sanborn*, 24 N. H. 474;
*Odlin* v. *Gove*, 41 N. H. 465; *Norris* v. *Morrison*, 45 N. H. 499;
*George* v. *Cutting*, 46 N. H. 130; *Stevens* v. *Dennett*, 51 N. H.
324; Big. Estop. 497–503.    The demurrer to the original bill is
sustained.

In the amendment the charge is, that the defendants, Shaw &
Dalton, held Abbott out as sole owner of the premises; that each
of the plaintiffs, with the knowledge and consent of Shaw & Dal-
ton, without objection on their part, or an assertion of ownership,
believing that Abbott was the owner and had the right to contract
for the materials and subject the premises to the lien, furnished
the materials and performed the labor because of the conduct and
representations of Shaw & Dalton.    Assuming the facts to be as
stated, here was not only silence when there was a duty to speak,
but words and acts when there should have been silence.    As an
owner of real estate may lose his title by silently witnessing a con-
veyance of it by one having no title *(Thompson* v. *Sanborn*, 11
N. H. 201, *Corbett* v. *Norcross*, 35 N. H. 99, *Richardson* v. *Chick-
ering*, 41 N. H. 380, 385), so, by an equivalent estoppel, he may
subject his property to a lien.

*The demurrer to the amended bill is overruled.*

DOE, C. J., did not sit: the others concurred.