GEORGE H. JOHNSON vs. NORWALK FIRE INSURANCE
COMPANY.

Suffolk.    January 23, 1900. — March 3, 1900.

Present: HOLMES, C. J., MORTON, LATHROP, BARKER, & HAMMOND, JJ.

*Insurance — Law and Fact — Vacancy of Premises — Evidence.*

In this case, which was an action on a policy of insurance containing a provision that it should be void, if, without the assent of the insurance company, " the premises hereby insured shall become vacant by the removal of the owner or occupant, and so remain vacant for more than thirty days without such assent," the judge was justified, on the evidence, in refusing to rule, as matter of law, that the plaintiff was not entitled to recover and in submitting the question to the jury.

CONTRACT, upon a policy of insurance against loss by fire, upon a building used as a grocery store and upon stock and fixtures therein owned by the plaintiff, in Natick. The evidence showed a total loss on October 15, 1897, and was within the time covered by the policy. At the trial in the Superior Court, before *Sherman*, J., the plaintiff testified that he had lived in Natick for some years, but was obliged to move his wife from that place because of her health to Fitchburg, on June 8, 1897, but returned to Natick on the following day ; that he went back to Fitchburg on June 11, having locked the store at Natick and having left no one in charge ; that in a week he returned and went to the store, collected bills, and slept there for a couple of nights ; that he shut the store again and went to Fitchburg, where he remained about a week ; that he again returned to Natick and remained at the store two or three days ; that he thus continued to divide his time between Fitchburg and Natick up to the time of the fire, October 15, 1897, at which time he was at Fitchburg ; that when at Fitchburg he left no one in charge of the store ; that he was at the store nearly every week from June 10 to October 13, and usually stayed two or three days before returning to Fitchburg ; that from June 8, 1897, to the time of the fire, he did some grocery business, selling perhaps five dollars' worth of tobacco ; that his books were burned

at the time of the fire and that at no time was he away from the store for thirty days.

There was also other testimony tending to show that the store had been open, and that the plaintiff was there within ten days of the time of the fire.

The plaintiff had never had the assent of the defendant, in writing or in print, that the premises might become vacant by the removal of the occupant and so remain vacant for more than thirty days.

The defendant requested the judge to rule that according to the terms of the policy, relating to vacancy, the plaintiff was not entitled to recover. The judge refused so to rule as matter of law, and submitted the question to the jury with appropriate instructions.

The jury returned a verdict for the plaintiff; and the defendant alleged exceptions.

*H. G. Sleeper*, for the defendant.

*J. J. Scott & W. B. Sprout*, for the plaintiff.

LATHROP, J. The policy in this case declares that it shall be void, if, without the assent of the insurance company, " the premises hereby insured shall become vacant by the removal of the owner or occupant, and so remain vacant for more than thirty days without such assent." The only question presented is whether on the evidence stated in the bill of exceptions the judge should have ruled, as matter of law, that, according to the terms of the policy, the plaintiff was not entitled to recover. We are of opinion that the judge was right in refusing this ruling, and in submitting the question to the jury.

Most of the cases relied upon by the defendant contained clauses very different from the one at bar. In *Harrison* v. *City Ins. Co.* 9 Allen, 231, the policy by its terms became void " when the occupant personally vacates the premises, unless immediate notice be given to this company, and additional premium paid." No question was made as to the fact that the premises were vacated, and the only question was as to whether notice of the fact had been given to an agent authorized to receive notice. In *Keith* v. *Quincy Ins. Co.* 10 Allen, 228, the clause was: " If the building insured remains unoccupied over thirty days without notice, this policy shall be void." The

building insured was a trip-hammer shop.   The jury returned a verdict for the defendant, and the question before the court was upon the correctness of the ruling of the judge as to the meaning of the word "occupancy."   In *Ashworth* v. *Builders' Ins. Co.* 112 Mass. 422, the policy contained the following provisions: "If the buildings insured shall be vacated, and remain so more than thirty days without the consent of this company, . . . this policy shall be void."   "Buildings unoccupied are not covered by this policy, unless insured as such."   At the time of the taking out of the policy, and at the time of the loss, the property insured, namely a house and barn, were occupied only as follows: When the plaintiff was engaged in carrying on the farm contiguous to the buildings, he and his servants took their meals in the house, and the barn was used for the usual purposes of a farm barn for storing hay and farming tools, but cattle were not kept in it.   The only discussion in the opinion is as to the meaning of the word "unoccupied," and it was held that these buildings were unoccupied.   We find nothing in *Newmarket Savings Bank* v. *Royal Ins. Co.* 150 Mass. 374, which bears upon the question before us.

In the case at bar there is nothing said about occupancy, and no question arises as to whether the house was occupied or unoccupied.   That which is provided for is the house becoming vacant by the removal of the owner or occupant.   The words mean something more than a temporary absence for business or pleasure, and, as is said in *Cummins* v. *Agricultural Ins. Co.* 67 N. Y. 260, 263, "they refer to a permanent removal and entire abandonment of the house."   See also *Chandler* v. *Commerce Ins. Co.* 88 Penn. St. 223; *Franklin Ins. Co.* v. *Kepler*, · 95 Penn. St. 492.

On the evidence the jury would have been warranted in finding that there was no permanent removal of the plaintiff, and that his visits to Fitchburg were for the purpose of visiting his sick wife, and were temporary in their character.   It does not appear that he intended to give up business in Natick when he left with his wife on June 8, 1897, and we are not called upon to pass upon the question whether, if he so intended, his subsequent visits to the store could prolong the policy after thirty days from the time he first left.          *Exceptions overruled.*