Hillsborough, }
June 3, 1902. }

## BREEYEAR & a. v. ROCKINGAM FARMERS' MUTUAL FIRE INSURANCE CO.

Where insurance issued to the owner of real estate is made payable to his mortgagee in case of loss, transfers thereof by the latter and his successors in interest are not "assignments," within the meaning of a condition prohibiting assignments of the policy without the assent of the insurer.

Under a clause providing that when an insurance policy is payable to a mortgagee of real estate, no act or default of any person other than such mortgagee or his agents shall affect his right to recover in case of loss, a conveyance of the property and the procurement of additional insurance by the mortgagor, in violation of the terms of the policy and without the assent of the insurer, do not affect the rights of the mortgagee or his successors in interest.

ASSUMPSIT, upon a fire insurance policy. The Pittsfield Savings Bank and John E. Dearborn are plaintiffs in interest. Facts agreed, and case transferred from the January term, 1902, of the superior court by *Stone,* J.

August 23, 1897, Breeyear took out a policy in the defendant company insuring him in the sum of $700 against loss by fire upon his buildings. Dearborn had a mortgage upon the property to secure the payment of $700, and the policy was made payable to him as mortgagee in case of loss, as his claim might appear. November 26, 1897, Dearborn sold and transferred the mortgage to Louise Beaudry and assigned his right in the insurance as follows: "I hereby assign my right as mortgagee to Louise Beaudry." March 29, 1898, Beaudry borrowed $400 of the Pittsfield Savings Bank and pledged the Dearborn mortgage as security, delivering therewith to the bank the policy of insurance with the following indorsement upon it, signed by her: "I hereby assign my right to ———." The bank has held the policy ever since.

June 23, 1898, Breeyear conveyed the property to Beaudry. June 5, 1899, Beaudry took out a policy in the Granite State Fire Insurance Company insuring her against loss by fire in the sum of $700 on the same buildings. She did not disclose to the company the existence of the prior insurance.

The buildings were destroyed by fire April 21, 1900. No notice of the above-mentioned transfers, or of the conveyance of the property from Breeyear to Beaudry, or of the subsequent insurance, was given to the defendants prior to the fire, and they had no knowledge of the same. The defendants' policy contained a provision that it should be void if, without the assent in writing or in print of the company, the insured had other insurance on the property at the time of the loss; or if, without such assent, the property should be sold or the policy should be assigned. It also contained the provision relating to the rights of the mortgagee copied in the opinion. The defendants are a mutual company. The premium was paid by a note, upon which an assessment was made in September, 1899. The bill for the assessment was returned by an agent, uncollected.

*George B. French*, for the Pittsfield Savings Bank.

*Henry A. Shute*, for the defendants.

CHASE, J. The assignments by Dearborn to Beaudry and by Beaudry to the bank were not assignments of the policy, but of the assignor's right as mortgagee to the insurance in case of loss as provided in the policy. The object of the provision, which prohibited an assignment of the policy without the assent of the company, was to prevent an increase of the moral risk by the substitution of a person for the insured in whose custody and care the property would be more likely to be burned. The assignments made no such substitution. Breeyear continued to be the owner and custodian of the property until he conveyed it to Beaudry, nearly three months after the date of the last assignment. The assignments did not conflict with the terms or the purpose of this provision, and afford no defence to the bank's claim. *Whiting* v *Burkhardt*, 178 Mass. 535; May Ins., s. 379.

The conveyance of the property by Breeyear to Beaudry, without a corresponding assignment of the policy and an assent thereto in writing or in print by the defendants, was a violation of the provision of the policy relating to that subject, and rendered the policy void as against Breeyear and his grantee. It would also render it void as against the bank were it not for the provision protecting the rights of the mortgagee. Without the latter provision, as the bank is not an assignee of the policy but only a payee of the insurance in case of loss, it would have to rely wholly upon the rights of the insured and would be chargeable with the consequences of his acts upon the validity of the policy. *Baldwin* v. *Insurance Co.*, 60 N. H. 164; *Hall* v. *Associa-*

*tion*, 64 N. H. 405. But the provision referred to, in unambiguous terms, differentiates the mortgagee's rights from those of the insured and places them beyond the power of the latter to imperil. It is as follows: "If this policy shall be made payable to a mortgagee of the insured real estate, no act or default of any person other than such mortgagee or his agents, or those claiming under him, shall affect such mortgagee's right to recover in case of loss on such real estate." The policy was made payable to a mortgagee. The insured is a person other than the "mortgagee or his agents, or those claiming under him." The bank, as assignee of Dearborn's rights through the intermediate assignments to and from Beaudry, claims under Dearborn, the mortgagee of the insured real estate named in the policy. The bank is a mortgagee of such real estate within the meaning of the provision. All the conditions of the provision being fulfilled, it applied and prevented the act of Breeyear in conveying the property to Beaudry from having any effect upon the bank's rights. *Badger* v. *Platts*, 68 N. H. 222; *Whiting* v. *Burkhardt*, 178 Mass. 535. It also rendered Beaudry's act in procuring other insurance, without the defendants' consent, harmless so far as the bank is concerned.

The fact that the company is a mutual one, and was embarrassed in the collection of assessments upon its premium note, is immaterial, for it made no provision in the contract to protect itself in such case. It must be governed by the contract it saw fit to make.

The bank's note is for $400, while the collateral note is for $700, and so the question arises: Which sum with interest is the bank entitled to recover? If it recovers the amount due upon the $700 note, it will hold the balance above the amount due upon the $400 note for the benefit of Beaudry, the general owner of the former note. But whatever interest Beaudry had in the real estate as mortgagee became merged in the title to the property upon the conveyance of the property to her by Breeyear. She then became the owner of the property, subject to the mortgage interest of the bank. The policy was not assigned to Beaudry, and so did not insure her as owner of the property. The bank's interest was the only interest growing out of the Dearborn mortgage that was outstanding after Breeyear's conveyance. The value of that interest is measured by the amount that is due upon the $400 note. The bank is entitled to judgment against the defendants for that sum.

Dearborn has no interest in the property insured, nor in the policy. He is not entitled to recover anything.

*The Pittsfield Savings Bank entitled to judgment for the amount of its note.*

All concurred.