ANNIE M. RUSSELL

*vs.*

GRANITE STATE FIRE INSURANCE COMPANY.

Penobscot.    Opinion April 7, 1922.

*In an action on an insurance policy under Sec. 38, Chap. 87, R. S., if the defendant relies upon the breach of any conditions of the policy by the plaintiff as a defense, it must be specially pleaded, or set up under a brief statement, at election of defendant; otherwise the breach of all conditions known to defendant shall be deemed to be complied with by plaintiff.*

This case comes up on motion and exceptions. The motion raises an issue of fact upon the question of waiver; the exceptions, issues of law upon the question of pleading.

There is no controversy that the premises were unoccupied for more than thirty days, but the plaintiff denies that they were vacant by removal for thirty days or more. The exceptions involve what may be denominated the "vacancy"·

and "non-occupancy" clauses of the policy. The first reads as follows: "If the dwelling be or become vacant or unoccupied, except in accordance with the conditions of this policy, the entire policy is void." The second reads as follows:  "If the premises hereby insured shall become vacant by the removal of the owner or occupant and so remain vacant for more than thirty days without such assent, the policy shall be void."

The same section of the statute which permits this form of action prescribes the form and limits the scope of the defendant's pleading as follows:  If the defendant relies upon the breach of any conditions of the policy by the plaintiff, as a defense, it shall set the same up by brief statement or special plea, and at its election; and all conditions, the breach of which is known to the defendant and not so specially pleaded shall be deemed to be complied with by the plaintiff.

The plea was the general issue, with a brief statement declaring "that the policy of insurance declared on by the plaintiff provides that said policy shall be void if the premises thereby insured shall become vacant by the removal of the owner or occupant and so remain vacant for more than thirty days without the assent in writing or in print of the insurance company."

Two questions are raised by the brief statement. First, is it broad and comprehensive enough to cover both clauses; second, if not, is the word "unoccupied" in the first clause synonymous with the words "vacant by removal of the owner or occupant" in the second, so that the plea embraces defenses to both upon this ground. The court were of the opinion that both questions must be answered in the negative.

On motion and exceptions by defendant. This is an action upon an insurance policy under Sec. 38, Chap. 87, of the R. S. to recover the sum of five hundred dollars, the amount of the policy, and interest, being the amount of insurance on the personal property of plaintiff, which was totally destroyed by fire on April 15, 1919, at Hampden, Maine. Defendant filed the general issue, and a brief statement alleging that the premises where the personal property was located had been vacated by the plaintiff, owner and occupant, and remained vacant for more than thirty days thus avoiding the policy. The cause was tried to a jury and a verdict for the full amount and interest claimed was returned for plaintiff. Defendant filed a general motion for a new trial, and also excepted to the refusal of the presiding Justice to grant certain requested instructions, and also to parts of the charge to the jury. Exceptions overruled. Motion overruled.

The case is fully stated in the opinion.

*H. J. Chapman* and *C. C. Stevens,* for plaintiff.

*W. R. Pattangall* and *Thomas Leigh,* for defendant.

SITTING: CORNISH, C. J., SPEAR, HANSON, PHILBROOK, MORRILL, WILSON, JJ.

SPEAR, J. This case comes up on motion and exceptions. The motion raises an issue of fact upon the question of waiver; the exceptions, issues of law upon the question of pleading.

The plaintiff was the owner of a dwelling-house and additions situated in the town of Hampden, Maine. She was a graduate nurse and was employed much of her time in her profession. This house, she says, was her permanent home.

Located in this house, at the time of the fire, was certain personal property the quality and value of which are not questioned. On this personal property, she held a policy of insurance, of the standard form, in the defendant company for five hundred dollars; for all of which it is admitted the defendant is liable, if liable at all.

A fire occurred on April 15, 1919 which consumed the dwelling together with all the insured personal property situated therein.

She admits that she had not occupied this house, for the purposes of a home, for more than thirty days previous to the fire. She had visited the house the day of the fire. This is an action of assumpsit, on that policy, brought by special authority of Sec. 38 of Chap. 87, R. S., to recover the amount due thereon for the loss of the personal property insured therein. The same section permitting this form of action, also prescribes the form, and limits the scope, of the defendant's pleadings, as follows:

"If the defendant relies upon the breach of any conditions of the policy by the plaintiff, as a defense, it shall set the same up by brief statement or special plea, at its election; and all conditions the breach of which is known to the defendant and not so specifically pleaded shall be deemed to be complied with by the plaintiff."

The plea was the general issue with the following brief statement:

"That the policy of insurance declared on by the plaintiff provides that said policy shall be void if the premises thereby insured shall become vacant *by the removal* of the owner or occupant, and so remain vacant for more than thirty days without the assent in writing or in print of the insurance company. And the defendant avers that after the execution of the said policy and before the alleged loss or damage by the plaintiff declared on, the said premises were

vacated by the plaintiff, the owner and occupant, and so remained vacant for more than thirty days; to wit: for approximately ninety days, without the assent of the defendant company in writing or in print, and said premises were vacant without the assent of the defendant company at the time of the alleged loss or damage."

There is no controversy that the premises were unoccupied for more than thirty days, but the plaintiff denies that they were vacant by removal for thirty days or more. The exceptions involve what may be denominated the "vacancy" and "non-occupancy" clauses of the policy. The first is found in the body of the policy under the caption, Vacancy, and reads as follows:

"If the dwelling be or become vacant or unoccupied, except in accordance with the conditions of this policy, the entire policy is void."

The second is found in a rider attached to the policy and reads as follows:

"If the premises hereby insured shall become vacant by the removal of the owner or occupant and so remain vacant for more than thirty days without such assent, the policy shall be void."

Two questions are raised by the brief statement. First. Is it broad and comprehensive enough to cover both clauses?

Second. If not, is the word, "unoccupied" in the first clause synonymous with the words "vacant by removal of the owner or occupant" in the second, so that the plea embraces defenses to both upon this ground?

We are of the opinion that both questions must be answered in the negative. Concerning the first question the statute provides that any defense to a breach of the policy shall be made by a brief statement or special plea, and every breach not so specifically pleaded shall be deemed to be complied with by the plaintiff. This rule of pleading is too plain for interpretation and too positive to admit of the exercise of discretion. It was undoubtedly meant to be both restrictive and technical. The defendant, however, claims that the pleading required by the statute should be construed liberally and cites *Clark* v. *Holway*, 101 Maine, 391 in which it is said:

"The great object of the statute which provided for filing a brief statement of special matters of defense where special plea was before required was to do away with the technicalities and the strictness formerly required in special pleas in bar. To be sure the facts

relied upon must be stated so clearly and distinctly as to be understood by the party who is to answer them, by the jury and by the court."

The above construction, however, was made upon the statute abolishing special pleading, and substituting a brief statement therefor. But the legislature was not content to leave the general issue and brief statement, as they had been construed, as an adequate statement of the defense, in this particular form of action. Whether by brief statement or special plea the legislature limits and restricts the defendant to what it has traversed in its plea to what it has "so specifically pleaded." It enacted this statute for this specific form of action and no other; and the brief statement cannot therefore be extended by construction, but must be confined to what is "so specifically pleaded."

Under this statute the defendant's pleading does not reach the first clause. It reads:

"That the policy of insurance declared on by the plaintiff provides that said policy shall be void if the premises thereby insured shall become vacant by the removal of the owner or occupant and so remain vacant for more than thirty days, without the assent in writing or in print of the insurance company."

That is the exact language of the second clause, which is one of the several enumerated causes for vacating a policy. The rest of the plea is merely an averment descriptive of how the vacancy "by removal of the owner" was brought about, as a reference to the plea will reveal. This plea is, therefore, by the specific language used, confined to a defense of a breach arising under the second clause as found in the rider.

We come now to the second inquiry, whether the two clauses, one found in the body of the policy, and the other in the rider, are synonymous so that the plea applies to both? The defendant contends they are. To begin with it is evident that the company itself, did not so consider them, otherwise the second clause would be superfluous. It will be next observed that the two clauses are expressed in different phraseology, and are susceptible of, if they do not compel, different interpretations, as used in the policy.

"The conditions of an insurance policy should be considered liberally in favor of the insured." *Bartlett* v. *Union Fire Insurance Co.*, 46 Maine, 500. "A forfeiture is to be construed strictly. Its

enforcement is not to be favored." *North Berwick Co.* v. *New England Fire Insurance Co.*, 52 Maine, 336. In *Norman* v. *Missouri Town Mutual Insurance Co.*, 74 Neb. App., 456-459, it is declared:

"And if words of doubtful meaning are inserted in the contract of insurance, then that construction will be adopted which is most favorable to the policy holder." In view of the above rules of construing words, phrases, clauses and conditions of insurance policies, many jurisdictions hold that the word "unoccupied" is not synonymous with the word "vacant" as used in the present policy. In *Knowlton* v. *Insurance Co.*, 100 Maine, 486 the distinction is clearly stated. The provision in the policy in that case reads, "shall become vacant by the removal of the owner or occupant or *shall become personally unoccupied.*" The case was decided upon the effect of the latter condition. But the differentiation was made between the meaning of the words "vacant and unoccupied," as follows:

"It has been suggested that the two words vacant and unoccupied are synonymous, and there are doubtless conditions of a dwelling house when either word applied to it or both words applied to it, will express a like condition of it. But as stated by the court in *Herman* v. *Adriatic Fire Insurance Co.*, 85 N. Y., 162; 'A dwelling-house' is chiefly designed for the abode of mankind. For the comfort of the dwellers in it, many kinds of chattel property are gathered in it. So that, in the use of it, it is a place of deposit of things inanimate and a place of resort and tarrying of beings animate. With those animate far away from it, but with those inanimate still in it, it would not be vacant, for it would not be empty and void. And as a possible case with all inanimate things taken out, but with those animate still remaining in it, it would not be unoccupied, for it would still be used for shelter and repose. And it is because in our experience of the purpose and use of a dwelling house, we have come to associate our notion of the occupation of it with the habitual presence and continued abode of human beings within it, that that word applied to a dwelling always raises that conception in the mind. Sometimes, indeed, the use of the word 'vacant' as applied to a dwelling, carries the notion that there is no dweller therein; and we should not be sure always to get or convey the idea of an empty house, by the words 'vacant dwelling' applied to it. But when the phrase 'vacant' or 'unoccupied' is applied to a

dwelling house, plainly there is a purpose—an attempt to give a different statement of condition thereof; by the first word, as an empty house, by the second word, as one in which there is not habitually the presence of human beings."

*Johnson* v. *Norfolk Fire Insurance Co.*, 175 Mass., 529, is in point inasmuch as it gives an interpretation to phraseology identical in form and the same in purpose and intent, as the phraseology of the removal condition in the policy in the present case. The court say: "The policy in this case declares that it shall be void if without the assent of the insurance company, 'the premises hereby insured shall become vacant by the removal of the owner or occupant, and so remain vacant for more than thirty days without such assent.' The only question presented is whether on the evidence stated in the bill of exceptions the judge should have ruled, as matter of law, that, according to the terms of the policy, the plaintiff was not entitled to recover. We are of the opinion that the judge was right in refusing this ruling, and in submitting the question to the jury."

The corresponding condition in the policy in the present case reads: "That the policy shall be void if the premises hereby insured shall become vacant by the removal of the owner or occupant, and so remain vacant more than thirty days without such assent." The comparison shows that the two cases are identical.

Now the Massachusetts court interpret the phraseology found in each of these policies as follows:

"In the case at bar there is nothing said about occupancy, and no question arises as to whether the house was occupied or unoccupied. That which is provided for is the house becoming vacant by the removal of the owner or occupant. The words mean something more than a temporary absence for business or pleasure, and as is said in *Cummins* v. *Agricultural Ins. Co.*, 67 N. Y., 260, 263, 'they refer to a permanent removal and entire abandonment of the house.' See also *Chandler* v. *Commerce Ins. Co.*, 88 Penn. St., 223; *Franklin Ins. Co.* v. *Kepler*, 95 Penn. St., 492."

The importance of the Massachusetts case is that regardless of the facts, it interprets the identical language of the contracts.

That interpretation is fully affirmed by *Harris* v. *North American Ins. Co.*, 190 Mass., 361, at Page 369 where it is said: "The burden was on the defendant strictly to prove an avoidance of its liability

by showing that the acts of the plaintiff in connection with the insured property amounted to a removal from the house, and produced a forfeiture."

"No doubt there is a sound practical distinction recognized in the community between a house that becomes merely unoccupied for a longer or shorter period, though fitted and furnished as a domicil, and one that becomes vacant by the removal of the furniture and departure of the owner. *Herman* v. *Adriatic Ins. Co.*, 85 N. Y., 162. The words, 'become vacant by the removal of the owner or occupant,' on which the defendant so strongly relies, have received judicial construction by this court in *Johnson* v. *Norwalk Ins. Co.*, 175 Mass., 529, 531, where it is held that in accordance with this common understanding 'they refer to a permanent removal and entire abandonment of the house'."

In *Cummins Applt.* v. *Agricultural Ins. Co.*, 67 N. Y., App. 260, in construing the same phraseology, found in a policy, after discussing unoccupancy clauses the court say: "But in the present case the merely vacating the house or leaving it unoccupied was not declared in the policy to be sufficient to terminate the insurance. The condition was superadded that it must have been vacated by the removal of the owner or occupant. Some significance must be attached to these words, and we think that they refer to a permanent removal and entire abandonment of the house as a place of residence. So long as the occupant retained it as his place of abode, intending to return to it, and left his furniture and effects there, some degree of watchfulness and care on his part might reasonably be expected. He would continue to have an interest in its protection and preservation, and in common parlance he would not be said to have removed therefrom."

To the same effect is *Herman* v. *Adriatic Fire Ins. Co.*, 85 N. Y., App. 162, already cited in *Knowlton* v. *Ins. Co.*, 100 Maine, 486.

It is evident that the above interpretation was based, not upon vacancy or non-occupancy alone, as stated in the body of the policy, but upon vacancy caused by the removal of the owner or occupant, as stated in the rider.

The defendant contends, however, and cites cases to show that a different interpretation, from that contained in the above-cited cases, has been placed upon identical phraseology. But we find no case cited, which does not couple some element or provision,

not permissible, in construing the phraseology in the present case. An examination of the whole paragraph, in which the language of the clause under consideration is found, shows twelve other conditions which may work an avoidance of the policy. But not one of the twelve can be considered in this case, as they are all waived by the plea which traverses only vacancy by removal. For instance, the increase of risk is one of the independent causes of forfeiture; but not being pleaded it is waived, and has no bearing upon the interpretation of the other twelve conditions. It is this special statute restricting the scope of the plea that imposes these limitations; and we doubt if a similar statute can be found in any other jurisdiction.

The defendant cites *Sleeper* v. *Insurance Co.*, 56 N. H., 40, and *Moore* v. *Ins. Co.*, 64 N. H., 140, upon the contention that the words occupancy and vacancy as used in the clause under consideration are synonymous. But it will be found upon an examination of these cases, as above suggested, that the court apparently was not restricted by any statute, but took into consideration the whole paragraph in giving its interpretation to a single condition. It is apparent that the court considered the increase of risk in each case. Whatever the court may have intended by its interpretation, as expressed in the two opinions above noted, it is quite evident that, in *Stone* v. *Ins. Co.*, 69 N. H., 441 in giving its interpretation to an identical condition, they intended to adopt the doctrine promulgated in the New York, Maine and Massachusetts cases as they cited, with approval, *Cummins* v. *Ins. Co.*, 67 N. Y., 26 and *Herman* v. *Ins. Co.*, 81 N. Y., 184. The facts in the case show that they did adopt those cases in their conclusion, as the premises under a condition identical with that in the present case, were vacant from May 20, 1897 to August 10, 1897 a period of nearly three months. Yet the court sustained the plaintiff saying: "The defendant's motion is denied. As a matter of law, the policy did not become inoperative through the temporary absence of Mrs. Rollins." With reference to the Sleeper case, 56 N. H., *supra*, and the Moore Case, 64 N. H., *supra* the court make this significant remark: "At this point and in this connection it may properly be observed that there is no real conflict of doctrine between the case in hand and *Sleeper* v. *Ins. Co.*, 56 N. H., 401, or *Moore* v. *Ins. Co.*, 64 N. H., 140. In the former, the

facts were essentially different, while in the latter, the controlling phrase, vacant by removal, was not in the condition, and the facts were almost the reverse of those before us."

The defendant's exceptions was the refusal of the presiding Justice to give to the jury the following requested instructions: "If the jury should find on the evidence in this case, that the plaintiff, Annie M. Russell, vacated the premises occupied and owned by her by removal or departure therefrom and the vacancy, so caused by her removal or departure continued for more than thirty days, no one living or dwelling in and upon said premises during said period, and during the life of the fire insurance policy issued by the Granite State Fire Insurance Company, then she cannot recover in this action."

It is our opinion that upon both authority and reason the plaintiff's contention with respect to the force of the exception should be sustained.

The motion has been alluded to as involving questions of fact under the doctrine of waiver, and is so discussed by both the plaintiff and the defendant. But as we read the evidence, while the doctrine of waiver may perhaps be invoked, we are yet of the opinion that the real theory upon which the motion should be determined is based upon the doctrine of waiver by estoppel. For a full discussion of waiver and estoppel in insurance cases see *Robinson* v. *Ins. Co.*, 90 Maine, 385. In *Bouchard* v. *Ins. Co.*, 113 Maine, 17, we find this statement: "The defendant also set up in its brief statement of defense the plaintiff's failure to furnish a proof of loss, but this point is not urged in argument. It is proper however to say that in view of the correspondence between the parties and of the fact that the defendant denied all liability, the jury might well have found that it had waived this requirement. Such waiver is a question of fact, *Robinson* v. *Ins. Co.*, 90 Maine, 385, and the court cannot say that under the evidence in this case the plaintiff is precluded from recovery on that ground."

It is, therefore, well settled in this state that, if an insurance company denies all liability, and the insured relying upon such denial, omits to file a proof of loss, although such proof is required by the terms of the policy, such company will be deemed to have waived such proof and will be estopped to plead and offer in defense evidence of the fact that no proof of loss had been filed. The defend-

ants in the present case do not deny the rule of law, but claim the facts do not bring the plaintiff's case within the rule.

The defendant claims there is not sufficient evidence in the case of a refusal on the part of the company to pay the loss, to warrant the verdict of the jury upon that issue. A careful examination of the record leads us to the opposite conclusion. The plaintiff's conversations and interviews by telephone with the accredited agent of the company, offered as evidence of the refusal of the company to pay her, confirm that conclusion. That the agent stood in the place of the company in these conversations and interviews is too well settled in this state to require discussion. From the very beginning the agent intimated that the fire was incendiary. At his first interview he said to her. "It was a mysterious fire and they were not going to pay until they investigated." Later, she said that she went to see him and asked him what she could do; if there was anything she could do, and he said, "No, it was strictly out of my hands." And she said, "Mr. McClure, you was willing to talk with me when I came to be insured." To which he replied, "It is in Augusta now, and if you want to talk, go there." He, therefore, at this time refused, as agent of the company to give her any information as to what to do. He did not even suggest a proof of loss. Having before intimated that the fire was incendiary, this conversation may have been somewhat significant to the jury as to the intention of the company with regard to their treatment of the loss. The abrupt refusal of the agent to give her any information, and the removal of the controversy to Augusta, may have impressed the jury with the view that these acts indicated, at least, a refusal on the part of the company to pay, yet these facts alone might not warrant the verdict. But when we take into consideration the attitude of the company, as to the origin of the fire and the indication based upon the above facts of a refusal to pay, supplemented by the flat-footed statement of McClure, the agent, "that the company refused to pay on that policy," as stated by the plaintiff, we are of the opinion that that evidence must be regarded as having sufficient probative force, if believed by the jury, to support their verdict upon that issue.

*Exceptions overruled.*
*Motion overruled.*