Rockingham, ⎱
Dec. 3, 1925. ⎰

### JOHN H. DUDLEY, *Adm'r, v.* THE CONTINENTAL INSURANCE COMPANY.

Notice by the owner of insured property to an agent of the insuring company that he has sold the property and desires that the agent make arrangements for assigning the policy to the new owner is not an assignment.

Failure to act on such a request does not constitute either a waiver of a proper assignment executed by the insured, or an estoppel to deny such an assignment.

One who conveys insured property, taking a mortgage back for his support, has thereafter an insurable interest in the property, but that interest is not protected by the policy made out to him as owner.

The rights of parties to a policy of insurance are determined by the conditions existing at the time of the loss.

ASSUMPSIT, on a fire insurance policy, placed by the defendant on the homestead of William S. Hooke, the plaintiff's intestate. The policy was issued by the Pollard Insurance Agency of Plaistow, June 20, 1921, and was to be in force for a period of three years. It contained the usual provision that it should be void if, without the assent in writing or in print of the company, the property should be sold or the policy assigned.

June 19, 1922, Hooke conveyed the property insured to one Jennie LaBar, taking a mortgage back for his support. At about the same time a letter was written in his behalf to one A. J. Sawyer, who, in the years 1909, 1912, and 1915, had issued policies in the Manufacturers and Merchants Mutual Insurance Company of New Hampshire on the property. The writer of the letter, after referring to the property as insured in the "Merchants and Manufacturers Ins. Co. of Concord, N. H.," gave notice that the property had been conveyed, and asked Sawyer if he would attend to the matter of assigning the policy. He further stated that counsel had "advised" that this should be done.

Sawyer, however, had died five years before, and his insurance business had been taken over by the Pollard agency. The property was totally destroyed by fire March 30, 1923, and at that time the policy on which suit is brought had never been formally assigned.

Motions for a nonsuit and a directed verdict were denied subject to the defendant's exception, and special questions were submitted to the jury, who found that the Pollard agency received the letter above mentioned, and that before its receipt the policy had been forwarded to the insured. Transferred by *Doe,* J., with the following

ruling: "If proof of additional facts would entitle plaintiff to recover any part of the amount insured the case shall stand for further trial, otherwise such judgment shall be entered as the parties are entitled to upon the foregoing facts."

*William.H. Sleeper*, for the plaintiff.

*Thorp & Branch*, for the defendant.

MARBLE, J. "The object of the stipulation in a policy of insurance against a sale of the property insured is apparent. · It is obviously based upon the idea that the risk and hazard of loss may be increased by a change of ownership." *Baldwin* v. *Insurance Co.*, 60 N. H. 422, 424. The provision prohibiting an assignment of the policy is based upon the same idea. *Breeyear* v. *Insurance Co.*, 71 N. H. 445, 446.

By his deed and arrangement for support the insured parted with all proprietary interest in the premises, changing his position from that of owner with power to manage and control the property, to that of a mortgagee, whose only right was one of foreclosure for condition broken. The transaction was a sale and rendered the policy void according to its terms, unless there is evidence that the defendant waived compliance with those terms, or is estopped to deny it.

It should be remarked at the outset that the insured never in fact executed any regular assignment of the policy, and that the transfer of the property did not effect an assignment by operation of law. *Baldwin* v. *Insurance Co.*, *supra*, 425; *Lahiff* v. *Insurance Co.*, 60 N. H. 75; *Cummings* v. *Insurance Co.*, 55 N. H. 457.

The fact has been established by a special finding that the defendant's agent received the letter addressed to Sawyer, but the evidence on which this finding was based has not been reported. If it is conceded that a request to an agent long since dead to assign a policy not then in force must have been understood by the defendant's agent as a request to assign the policy in suit, it must also be conceded that the mere failure to answer the letter containing that request would constitute neither a waiver nor an estoppel.

To create an estoppel by silence there must first be a duty to speak (*Allen* v. *Shaw*, 61 N. H. 95; *Conway Bank* v. *Pease*, 76 N. H. 319, 326), and whatever course business courtesy may have demanded, it is clear that the defendant was under no legal obligation to remind the insured that the policy was in his possession and that its assignment was an act which he himself must perform.

It is significant that the letter itself does not purport to be an informal assignment, nor even evince an attempt to assign. Here, as in *Lahiff* v. *Insurance Co., supra,* 76, "no transfer or assignment was made to which the company could assent, and the agent's knowledge of the conveyance of the property insured could not have the effect to create a contract of insurance between the parties, or bind the company to a contract that never was made." See *Prescott* v. *Jones,* 69 N. H. 305.

But the plaintiff takes the position that the provisions of the policy relating to sale and assignment were not intended to apply to a case where the insurer retains an interest in the premises by virtue of a mortgage back. As already indicated, the object of such provisions is to prevent an enhancement of the moral risk. Any change of ownership or occupation may mean an increased hazard, and where insurance companies undertake to protect themselves against such a contingency, a condition inserted in the policy for that purpose is construed "to mean what the language imports, that a sale . . . of the property renders the policy void." *Baldwin* v. *Insurance Co., supra,* 425. See also *Moore* v. *Insurance Co.,* 62 N. H. 240, 242; *Hill* v. *Insurance Co.,* 58 N. H. 82.

While it is true that mortgage interests are safeguarded by an express provision in the policy under discussion, that provision applies only when the policy has been made payable to the mortgagee as such. The plaintiff in the present case is the administrator of the insured. It is claimed that the support which the grantee promised as the consideration for the conveyance was not furnished in the lifetime of the insured, and that the mortgage conditioned to secure that support is now in process of foreclosure.

What has transpired since the fire is not material, however; for the rights of the parties were fixed "at the moment of the loss." *Hall* v. *Association,* 64 N. H. 405, 406. If, therefore, the plaintiff can maintain this action, it must be by reason of the interest his intestate had as mortgagee at the time the property was destroyed. "But even if the plaintiff had an insurable interest at the time of the fire, the conveyance . . . was a change of title that defeats the plaintiff's right of recovery upon this policy, which contains a stipulation that any change of title shall render the policy void. The question is not whether there still remained an insurable interest in the plaintiff, but whether the plaintiff can recover under this policy. By the express terms of his contract, the plaintiff agreed that he should have no right of action for property conveyed with-

out notice to the defendants; and the law does not annul or alter his contract." *Baldwin* v. *Insurance Co., supra,* 423.

On the evidence submitted, the defendant was entitled to a directed verdict. No additional facts susceptible of proof have been suggested which would change that result. The exceptions are sustained.

*Judgment for the defendant.*

All concurred.