TDW CUM-10/14/09

<u>Lauco LLC v. Patriot Mutual Insurance Co.</u>, CV-08-430 (Superior Ct. Cumberland)

Before the court are cross motions for summary judgment by the parties.

Summary judgment should be granted if there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. In considering a motion for summary judgment, the Court is required to consider only the portions of the record referred to and the material facts set forth in the parties' Rule 56(h) statements. E.g., <u>Johnson v. McNeil</u>, 2002 ME 99 ¶ 8, 800 A.2d 702, 704. The facts must be considered in the light most favorable to the non-moving party. <u>Id</u>. Thus, for purposes of summary judgment, any factual disputes must be resolved against the movant. Nevertheless, when the facts offered by a party in opposition to summary judgment would not, if offered at trial, be sufficient to withstand a motion for judgment as a matter of law, summary judgment should be granted. <u>Rodrigue v. Rodrigue</u>, 1997 ME 99 ¶ 8, 694 A.2d 924, 926.

It is undisputed that defendant Patriot Mutual issued a Business Owners Property Insurance policy to Lauco covering real property Lauco owned at 12 Middle Street in Saco. The property was rented out as commercial office space but the tenant, Signature Realty, moved out at the end of August 2007. Water damage due to frozen pipes was discovered on or about January 7, 2008. Lauco argues it is entitled to $50,957.20 under its policy with Patriot Mutual for the damage that was sustained when the pipes froze. Patriot Mutual argues that it does not owe anything because its policy provided in pertinent part as follows:

> If the building where loss or damage occurs has been vacant
> for more than 60 consecutive days before the loss or damage,
> we will . . . not pay for any loss or damage caused by . . .
> water damage . . . .
>
> Buildings under construction are not considered vacant.

As a number of judicial decisions have observed, the vacancy exclusion reflects recognition that unoccupied properties face an increased risk of damage. See, e.g., <u>TRB Investments Inc. v. Fireman's Fund Insurance Co.</u>, 145 P.3d 472, 474 (Cal. App. 2006). This is particularly true with respect to water damage from frozen pipes. If there were occupants in the building, they would notice and report any loss of heat before the pipes froze and any damage resulted.

The court concludes that there are disputed issues of material fact that preclude summary judgment for either plaintiff or defendant on counts I and III of the complaint. The first major dispute between the parties is whether the word "vacant" is ambiguous. Reading the policy, the court agrees with Patriot Mutual that under the circumstances of this case the term vacant is not ambiguous. Lauco relies on the 1922 case of <u>Russell v. Granite State Fire Insurance Co.</u>, 121 Me. 248, 116 A. 554 (Me. 1922), which drew a distinction between a dwelling that was "vacant by removal of the owner or occupant" and one that was unoccupied. However, that case is distinguishable for two reasons. First, <u>Russell</u> involved interpretation of the words "vacant <u>by removal of the owner or occupant</u>" (emphasis added) and the underscored language does not appear in Patriot

Mutual's policy. Second, even if the words "by removal of the owner or occupant" were to be disregarded, Russell involved a residential dwelling and the interpretation of vacancy in that context would not apply to commercial office space.

The court has considerable difficulty concluding that, if an ordinary citizen were to read the policy, he or she would find the term "vacant" to be ambiguous. This is true notwithstanding that another portion of the policy uses the terms "vacant or unoccupied," terms which an ordinary person would consider to be synonymous. Moreover, even if the court adopts the gloss that certain decisions have placed on the term vacant and were to conclude, in effect, that a building is unoccupied when the people formerly occupying it have left but is not vacant until the contents have also been removed, a building would still qualify as vacant when it does not contain contents pertaining to the customary occupation of the building. See Crouch on Insurance §94:140.

If that definition applies, it appears that 12 Middle Street would qualify as vacant because it no longer contained contents pertaining to its customary occupation as a commercial office. There is at least a factual dispute for trial as to whether the few items that remained in the building were items of that nature. See Catalina Enterprises Incorporated Pension Trust v. Hartford Fire Ins. Co., 67 F.3d 63, 66 (4th Cir. 1995) (interpreting vacant to require that a structure be entirely devoid of any contents whatsoever would virtually eliminate the vacancy exclusion from the policy).

Interpreting vacancy in terms of the absence of items relating to the customary usage of the property would be consistent with Russell because the items on the Russell premises related to the customary residential use of the Russell property but there is at least a disputed issue of fact as to whether the items at 12 Middle Street related to the customary use of that property as commercial office space.

The court also concludes that there are disputed issues of fact as to whether 12 Middle Street was "under construction," thereby making the vacancy exclusion inapplicable. The court agrees that the term construction for this purpose must be interpreted to include renovation as well as new construction. Construction, however, requires more than sporadic entry for minor repairs or maintenance; it requires substantial continuing activity by workmen on the premises. TRB Investments, 145 P.3d at 478. In this case the factual record reflects that there was some activity on the premises until mid November, less than 60 days prior to the water damage for which Lauco seeks recovery.[1] Whether this activity was substantial enough to qualify under the construction exception remains a factual issue for trial.

Three other issues should be addressed. First, there is an obvious factual dispute in the record as to what Brian Laughlin of Lauco was or was not told by Josh Fearon at or around the time the insurance policy was obtained. Second, Lauco makes an argument in its reply papers that Patriot Mutual at one point acknowledged coverage because it hired ServiceMaster to perform cleanup activities, which resulted in

---

[1] The court agrees with Patriot Mutual, however, that the insulation work for which Lauco obtained an estimate does not count as construction because that work was never performed. Laughlin Dep. 20.

increased cost to Lauco. To the extent that Lauco relies on any facts relating to the hiring of ServiceMaster for purposes of summary judgment, it appears those facts are disputed, and in any event the court cannot grant summary judgment based on arguments and facts first developed in reply papers to which the other party has not had an opportunity to dispute. Moreover, to the extent that Lauco is seeking any independent relief based on the hiring of ServiceMaster, the court does not find any such claim in Lauco's complaint.

Finally, with respect to Lauco's claim under 24-A M.R.S. § 2436-A(1)(E) (unfair claims settlement practices), Lauco has not offered any evidence to demonstrate that there is a disputed issue of material fact as to whether Patriot Mutual refused to settle Lauco's claim "without a reasonable basis to contest liability." 24-A M.R.S. § 2436-A(2). On this record, the foregoing discussion leads the court to conclude that, although it is entirely possible that Lauco may eventually prevail on the merits, Lauco has not offered any evidence from which it could be found that Patriot Mutual did not have a reasonable basis to contest liability.

The entry shall be:

Defendant's motion for summary judgment is denied as to counts I and III of the complaint. Defendant's motion for summary judgment is granted as to count II only and that count is dismissed. Plaintiff's cross motion for summary judgment is denied in its entirety. The Clerk is directed to incorporate this order in the docket by reference pursuant to Rule 79(a).

Dated: October _14_, 2009


_____
Thomas D. Warren
Justice, Superior Court

LAUCO LLC  VS PATRIOT MUTUAL INSURANCE COMPANY
UTN:AOCSsr  -2008-0083478                    CASE #:PORSC-CV-2008-00430
---------------------------------------------------------------------
SEL VD                                REPRESENTATION TYPE      DATE
01 0000002588 ATTORNEY:JONES, JEFFREY WAYNE
ADDR:243 US ROUTE ONE SCARBOROUGH ME 04074
     F FOR:LAUCO LLC                       PL          RTND   08/07/2008

02 0000009038 ATTORNEY:WALKER, LANCE E
ADDR:415 CONGRESS STREET PO BOX 4600 PORTLAND ME 04112-4600
     F FOR:PATRIOT MUTUAL INSURANCE COMPANY     DEF    RTND   07/28/2008


          Enter Option: A=Add, B+Sel=Browse, M=More, R+Sel=RltnEdit:

Select the EXIT KEY for page selection line.